## CATHERWOOD v. UNITED STATES.

(District Court, E. D. Pennsylvania. April 7, 1922.)

No. 8766.

**Internal revenue ⬪⟹7—Estate tax paid not deductible from taxable income of decedent prior to death.**

Under Tax Act Sept. 8, 1916 (Comp. St. § 6336a et seq.), an individual taxpayer and his estate after death are separate entities, and section 5, permitting deduction from income of taxes paid to the United States, does not authorize an executor to deduct the amount of estate tax paid from the taxable income of decedent for the part year prior to his death.

At Law. Action by Wilson Catherwood, Executor, against the United States. On affidavit of defense raising question of law. Decision and judgment for defendant.

M. Hampton Todd, of Philadelphia, Pa., for plaintiff.

Truman D. Wade, Asst. U. S. Atty., and George W. Coles, U. S. Atty., both of Philadelphia, Pa.

DICKINSON, District Judge. Other questions than the one herein discussed have been suggested and one formally raised. We pass them all, except the one discussed, as we understand this to be the request of the parties. We treat the question as one raised in accordance with the Pennsylvania Practice Act of 1915 (Pa. St. 1920, §§ 17181–17204). The issue is in effect one raised by demurrer.

### The Question Stated.

Broadly the question is a challenge of the cause of action. Disregarding formalities, the plaintiff claims the right to deduct from the income tax owing by the decedent for the part of the year between December 31, 1919, the end of the last tax year, and August 22, 1920, the date of the death of plaintiff's testatrix, the estate tax levied upon the estate, payable August 22, 1921, or one year from decedent's death.

### The Facts.

Emma R. Catherwood, the plaintiff's testatrix, died August 22, 1920. Letters testamentary were granted to the plaintiff on August 25th following. On February 25, 1921, the plaintiff, in obedience to the directions of the Revenue Act of 1918, filed a return of the income of the testatrix for that part of the current tax year of her death covering the period between January 1, 1920, and August 22, 1920 (both inclusive). No deduction was made for any estate tax, because under the regulations enforced at that time the taxing authorities would not have allowed it. The income tax upon the income of the decedent (returned as above) was paid at the time of filing the return. The plaintiff also filed a return of the income of the estate for the period between August 22, 1920, and January 1, 1921 (both inclusive). There was no taxable net income for this period. The plaintiff also filed an estate tax return and paid a tax of $10,142.99, in accordance with this return.

⬪⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The sum so paid is in excess of the income tax paid on the basis of the net income of the decedent to the time of her death. Asserting the estate tax paid to be properly deductible from the income tax paid, demand is made for the return of the latter.

### The Argument.

Counsel for plaintiff reasons to a conclusion favorable to the plaintiff from the following propositions:

(1) The Tax Act permits the taxpayer to deduct from his income otherwise subject to income tax any sum paid to the United States for taxes, if the sum so paid was paid, or the tax so paid accrued, within the year. Woodward's Estate, infra.

(2) The estate tax paid was such a tax.

### Discussion.

The conclusion follows if the premises are sound. The second, as stated, is supported by Woodward's Estate, 256 U. S. 632, 41 Sup. Ct. 615, 65 L. Ed. 1131. The first, as stated, must likewise be accepted, if there is embraced in it the fact that the taxpayer who has paid the estate tax to be deducted is the same person whose net taxable income is being thus found.

Just here is the point of the difference between the opposing arguments which are addressed to us. There is much practical force in the view of counsel for plaintiff that there are not "two separate entities" in the person of the decedent and her estate. The plaintiff is the representative of the estate of the decedent. The income returned for the period ending with the death and the income returned for the remainder of the tax year are both returned and the tax paid by the executor in his representative capacity, and together are paid as the tax on the income for the whole taxable year. Substantially the decedent and his estate are for taxing purposes one, and it does seem that the separation of them into two taxables is an artificial distinction. None the less the power and the possible motive of the taxing authority to differentiate them is undenied. The sole question is: Are they in the eyes of the taxgatherer one or two?

Upon a full survey of the statute, our conclusion is that there are two taxpayers—not one—the decedent, who pays on his income to the time of his death, and his estate, which pays on the income of the estate and an estate tax. It is true the three taxes are paid out of the estate, but the first is paid as the tax upon the income of the decedent, and is paid as all his other debts are paid. The other taxes are paid as taxes assessed against the estate. If the two income taxes were one, they would be returned and paid as one, based upon the income for the whole taxable year. Instead of this, they are returned and paid separately as upon the incomes of different taxpayers. There is an artificiality about this which makes one reluctant to take this view, except upon compulsion. The tax acts, however, seem to compel us to take this view. Under the doctrine of Woodward's Estate, the estate tax is to be deducted in finding the net taxable income of the estate.

The conclusion is reached, however, that it is not to be deducted in

finding the net taxable income of the decedent who is another taxpayer. The question of law raised is decided in favor of the defendant, and as, "in the opinion of the court, the decision of this question disposes of the whole claim," judgment is directed to be entered for the defendant, with costs, in accordance with the Pennsylvania Practice Act. This we understand to be in accord with the course counsel desire the case to take. To give definiteness of date to the judgment, none is now entered, but may be entered upon præcipe.

An exception is allowed to plaintiff.