### CATHERWOOD v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. October Term, 1922.)

No. 2903.

Internal revenue ⬤⟹7—Estate tax not deductible from income accruing before death.

Under Revenue Act 1918, § 214 (Comp. St. Ann. Supp. 1919, § 6336⅛g), providing for deduction of taxes paid or accrued within the taxable year, in computing net income, in connection with sections 200, 210, 219, and 225 (sections 6336⅛a, 6336⅛e, 6336⅛ii, 6336⅛ll), estate tax imposed by section 401 (section 6336¾b), if deductible from income of year in which decedent died, must be deducted from that received by executor after her death and not from income received by decedent for portion of year prior to her death.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Wilson Catherwood, executor of Emma R. Catherwood, deceased, against the United States. Judgment for defendant (280 Fed. 241), and plaintiff brings error. Affirmed.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

M. Hampton Todd, of Philadelphia, Pa., for plaintiff in error.

George W. Coles, U. S. Atty., of Philadelphia, Pa., and J. Paul McElree, Asst. U. S. Atty., of West Chester, Pa. (T. Ellis Allison and Carl A. Mapes, both of Washington, D. C., of counsel), for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Emma R. Catherwood died August 22, 1920. On February 25, 1921, the plaintiff, her executor, in obedience to the Revenue Act of 1918, 40 Stat. 1057, 1096–1101 (Comp. St. Ann. Supp. 1919, §§ 6336¾a–6336¾k), filed a return for federal tax on her estate and paid the tax. On the same day he filed two income tax returns. One covered income received by the decedent during the taxable year 1920 prior to her death. In computing taxable net income the executor did not deduct the estate tax he had that day paid because, under the Regulations of the Department of Internal Revenue then in force, the deduction would not have been allowed. Had the deduction been allowed and made, there would have been no taxable income for that part of the taxable year. The other return covered income of the estate received by the executor during the remainder of the taxable year. This was small and, even without deducting the estate tax, it disclosed no taxable income for that period. Therefore, if the estate tax had been deducted in the first return, there would have been no taxable income shown by the two returns for any part of the taxable year. The executor brought this action to recover the amount of income tax he had paid on income received by the decedent during the part of the taxable year she was alive, calculated without deducting the estate tax. The case was heard as though on demurrer and the court entered judgment for the defendant. 280 Fed. 241. The plaintiff sued out this writ of error.

The question turns on the interpretation of several sections of the Revenue Act of 1918 and particularly on the interpretation of section 214 (Comp. St. Ann. Supp. 1919, § 6336⅛g). 40 Stat. 1058–1082. We shall approach this section by reviewing the preceding sections to which it relates, freely using italics to direct attention to the points under discussion.

The matter falls first under title 2 of the Act dealing with income tax and later under title 4 dealing with estate tax. Section 210 (Comp. St. Ann. Supp. 1919, § 6336⅛e), the first provision with which we are concerned, declares that "there shall be levied, collected, and paid *for each taxable year* upon the *net income* of every *individual* a normal tax at the following rates." This provision is relevant to the matter in hand in three particulars: First, it refers to the income of an individual, who in this case was Emma R. Catherwood; second, it shows that the taxable income is the *net income;* and third, that the period for which such tax shall be levied, collected and paid is a "taxable year." Section 200 (section 6336⅛a) defines "taxable year" to mean, in this instance, the calendar year. Emma R. Catherwood, dying in August, 1920, did not live throughout the calendar, or taxable, year of 1920. Had she lived throughout that year, she would have obeyed

291 F.—36

section 210 by making a return conformable with section 212 (section 6336⅛f) which defines the "net income" on which the tax is levied as meaning "gross income" as defined by section 213 (section 6336⅛ff), less the deductions allowed by section 214 (section 6336⅛g). This is the section, as affected by section 401 (section 6336¾b), which calls for construction. It reads as follows:

"Section 214 (a). That in computing *net income* there shall be allowed as deductions:

"(3) Taxes paid or *accrued* within the *taxable year* imposed (a) by the authority of the United States, except. income, war-profits and excess-profits taxes."

The estate tax, which by section 401 of the Act, is "imposed upon the transfer of the net estate of every decedent dying after the passage of this Act" is obviously not a tax that could have been "paid" by Emma R. Catherwood, or that could have "accrued within the taxable year" had she lived to file her own return, for such a tax can neither accrue nor be paid until death. So, had Emma R. Catherwood lived, she would not have been affected by, nor could she have deducted, an estate tax. But Emma R. Catherwood did not live throughout the taxable year. Income had been received by her during the part of the year in which she had lived and it was natural to expect that income would be received by her estate during the remainder of the year after her death. For a tax on the income she had received during the taxable year while alive, she was liable. Though liable, she could not, as she was dead at the time the tax became due, make return and pay it herself. Anticipating such a case, and for the purpose of gathering a tax on all the income of a decedent for the whole of a taxable year (that which was received before death and that which was received after death), the law requires a return to be made by her personal representative for income received by herself (a fixed liability of her estate) and a return to be made by him for income received by her estate— a liability of his own. To this end the statute, by section 219 (Comp. St. Ann. Supp. 1919, § 6336⅛ii), provides:

"(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—(1) Income received by estates of deceased persons during the period of administration or settlement of the estate; * * * (b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts."

In this connection the Act, by section 225 (section 6336⅛*ll*), further provides:

"That every fiduciary * * * shall make under oath a return for the individual, estate or trust for which he acts. * * * Fiduciaries required to make returns under this Act shall be subject to all the provisions of this Act which apply to individuals."

Therefore it is, that when an executor makes a tax return of net income received either by the decedent or by himself during the administration of an estate, he, too, is allowed the deduction, named in section 214 (section 6336⅛g), of "Taxes paid or accrued within the taxable year imposed (a) by authority of the United States, except income, war-profits and excess-profits taxes." But this section conceivably al-

lows an executor, who has himself received income, a deduction which it does not allow a taxable making his own return. And this is so where the death of the taxable has intervened and because, thereupon, the law has raised a new tax, payable solely from the estate of the taxable. This is the federal estate tax. Section 401. This tax is not excepted from the allowable deductions under section 214, and, if "paid or *accrued* within the taxable year," it is properly deductible from gross income received by the executor in ascertaining taxable net income. This has been definitely determined in United States v. Woodward, 256 U. S. 632, 41 Sup. Ct. 615, 65 L. Ed. 1131. That case turned primarily on the question whether, in any event, an estate tax is a proper deduction under section 214, and on the facts of the case the Supreme Court held that it was a proper deduction to be made in a return by the executor of income he had received in the taxable year after the decedent's death and during the settlement of the estate. The plaintiff contends that in principle the Woodward Case rules the case at bar where the deduction of the estate tax is sought to be made from income received by the decedent while living. To prevail on this contention the plaintiff must show that the Supreme Court, when it held that the estate tax "becomes due not at the time of the decedent's death, * * * but one year thereafter, as the statute plainly provides" (section 406 [section 6336⅜g]), was wrong in construing the words "Taxes * * * *accrued* within the taxable year," as used in section 214, to mean "taxes (that) became *due* during the taxable year." It is fairly debatable under the Woodward decision, whether an estate tax accrues when due, or, under the decision in Hertz v. Woodman, 218 U. S. 205, 30 Sup. Ct. 621, 54 L. Ed. 1001, it accrues when imposed. But aside from this question we are of opinion that in construing section 214, the taxes there allowed as a deduction must be read with reference to the person affected. The first return made by the executor was, as we have shown, for income received by the decedent during her lifetime. From such income received by her during that part of the taxable year, the deduction of an estate tax cannot have been contemplated by the word "taxes" in section 214, because there was as affecting her, when living, no such thing as an estate tax. The occasion of an estate tax is death and it is imposed only after death. It was, in this instance, imposed upon the transfer of the decedent's estate and the duty of payment was imposed upon her executor. If the estate tax "accrued" when "due" in 1921, it did not accrue within the "taxable year" of 1920 and was not, in any line of reasoning, deductible in either tax return. If it "accrued" when "imposed" in 1920, then it "accrued within the taxable year" within the meaning of section 214 and was, under the decision in the Woodward Case a proper deduction to be made by the executor in ascertaining taxable net income from gross coming into his hands "during the period of administration or settlement of the estate." It so happens in this case that, because of the small gross income received by the executor during administration, the deduction thus available would be of no use. Therefore, the effort is made to shift the deduction to the executor's return on income received by the decedent during her lifetime. There would be nothing in this position were it not for the breadth of the language in section

214 wherein a deduction is allowed on "taxes paid or accrued *within the taxable year*," coupled with the plaintiff's claim that the estate tax, paid when "due" in 1921, actually "accrued" within the "taxable year" of 1920. The plaintiff maintains that it makes no difference in what part of the taxable year, whether before or after the decedent's death, the tax accrues. For the reasons already given, we are not impressed with this contention. Assuming without deciding that the estate tax "accrued" within the "taxable year" of 1920, it does not follow that it may be deducted at pleasure from income received by different persons at different times during that year. It is, from its very nature, deductible only from income received after the tax has, following death, come into existence, not on the theory that it is payable out of a segregated part of the estate, for it is not (deduction and payment are different matters), but because the deduction, not being available to the taxable had she lived, is not available to her personal representative when making a return for her of income she had received when living —a return clearly different from the one an executor is required to make for income received by himself during the settlement of the estate.

Finding no error, we direct that the decree below be affirmed.