In the Matter of the Application of J. FREDERIC KERNOCHAN and Another, as Administrators, etc., of MARIE MARSHALL, Deceased, Petitioners, for a Certiorari Order against JOHN F. GILCHRIST and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, September 10, 1925.

**Taxation — income tax — committee of incompetent paid income tax on cash received basis — State Tax Commission has no right, under Tax Law, § 358, after death of incompetent, to change method of accounting so as to require payments of income tax to be made on accrual basis.**

The State Tax Commission has no power, under section 358 of the Tax Law, to require the committee of an incompetent person to report income after her death on the accrual basis where the committee had, during the life of the incompetent, reported and paid the income tax on a cash received basis, and after her death filed a return up to the date of her death on that same basis, omitting income accrued but not paid.

CERTIORARI ORDER granted out of the Supreme Court at the Albany Special Term on the 7th day of April, 1924, directed to John F. Gilchrist and others, constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in imposing an additional income tax upon the estate of Marie Marshall, deceased, for the period between January 1, 1922, and the time of her death on September 17, 1922.

*Henry F. Miller*, for the petitioner.

*Albert Ottinger*, Attorney-General [*Henry S. Manley*, Deputy Attorney-General], for the respondents.

COCHRANE, P. J.:

Marie Marshall died September 17, 1922. She had previously been adjudged an incompetent person and an income tax on her

estate had been paid annually by her committee according to what is known as the cash received method of accounting. After her death a return was made under the provisions of the Tax Law (added by Laws of 1919, chap. 627, as amd.), known as the Income Tax Law which included income received by the committee during the year 1922 prior to her death. The return did not include income which had accrued during that year prior to her death but which was received thereafter. The State Tax Commission has made this omitted income the subject of an additional assessment and this determination of the Commission is challenged in this proceeding. There is nothing in the Income Tax Law which specifically makes income taxable before it is payable to the taxpayer. The statute recognizes different methods of making a return as the basis for taxation. Section 358 of the Tax Law (as amd. by Laws of 1921, chap. 477) contains the following: " The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Tax Commission does clearly reflect the income." According to this statute the taxpayer by keeping appropriate books may select his " method of accounting " and the only authority for interference in such case by the Commission is when the method so employed does not " clearly reflect the income." The method pursued by the committee had uniformly been according to what is known as the cash received method. The committee had made returns and paid the tax annually on the amount of income received annually irrespective of when it had accrued. After the death of Marie Marshall the Commission required the tax to be paid according to the accrual method, giving as its reason for so doing that otherwise income which had accrued prior to the death of the taxpayer but not paid until thereafter would escape taxation. It seems to me that this implies a misunderstanding of the statute. It is not claimed that the method of accounting followed did not during the life of the taxpayer properly or " clearly reflect the income." Section 359, subdivision 1, of the Tax Law (as amd. by Laws of 1920, chap. 695), after describing in detail the items which are included in the expression " gross income," continues as follows: " The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under the methods of accounting permitted in this article, any such amounts

are to be properly accounted for as of a different period." The term " received " as above used is defined and its application explained in section 350, subdivision 6, as follows: " The term ' received ' for the purpose of the computation of net income under this article, means ' received or accrued ' and the term ' received or accrued ' shall be construed according to the method of accounting upon the basis of which the net income is computed under this article." The meaning of the law seems to be plain. When a taxpayer makes his return according to the cash received method he must include in such return all items *received* for the taxable year irrespective of when they accrued; when he makes his return according to the accrual method he must include in such return all items *accrued* for the taxable year irrespective of when they were received. As an average result one method is probably as advantageous to the State as the other. The action of the Commission in this case would practically result in nullifying provisions of the statute permitting a taxpayer to select his method of accounting provided it clearly reflects the income, and further works an injustice to the taxpayer who has been following the cash received method as the following illustration will indicate. Suppose a person becomes a taxpayer in any particular year and elects the cash received method of accounting. He then makes a return of all income received by him during that year and pays a tax thereon although the most of such income may have accrued before the year when he became such taxpayer. On his death the Commission, as in this case, changes the method of accounting so as to include all income which had accrued at the time of his death although not yet payable with the result that a tax is collected on all income which not only had accrued at the time of his death but also on that which accrued prior to the time when he became a taxpayer if it was received by him thereafter. This cannot be the purpose of the law. The purpose of section 358 as it seems to me is to authorize the Commission to overcome or obviate an unfairness in the method of accounting which exists during the life of the taxpayer. The right to require a change in the method of accounting must exist during his life. It does not depend on the single circumstance of death. If the method of accounting by the taxpayer up to the moment of death is such as to " clearly reflect the income " death does not cause the income to be any the less clearly reflected.

The foregoing discussion assumes the soundness of the reason given by the Commission for its action herein. The Commission states its position as follows: " As the executor or administrator in receiving income that had accrued to a decedent prior to death

takes same as corpus of the estate and, therefore, not reportable for income tax purposes as income to the estate, it follows that the provision of the statute requiring the inclusion in gross income of all income other than from sources specifically exempted would be defeated if income that had accrued to a decedent prior to the date of death were not reported on the return filed for the period prior to the date of death." The foregoing proposition is debatable but because it is not necessarily involved herein I do not give it consideration. It seems to me that inasmuch as it is undisputed that proper bookkeeping methods were regularly employed by the taxpayer it was the statutory right of the petitioners to have the computation of the tax made upon such basis. (Tax Law, § 358.) The arbitrary requirement of the Commission to change the method of accounting to an accrual basis does not necessarily accomplish the same result as the cash received basis even if it be assumed that contrary to the opinion of the Commission income accrued at the time of the death of the taxpayer and paid thereafter is taxable. An individual taxpayer and his estate after death are separate entities and the deductions permissible under section 360 of the Tax Law (as amd. by Laws of 1921, chap. 477) may in some instances be allowable in favor of the individual and in other cases allowable in favor of his estate in a manner affecting the net result according as the deduction is allowed either in favor of the individual or his estate. (See *Catherwood* v. *United States,* 280 Fed. 241; affd., 291 id. 560; *United States* v. *Woodward,* 256 U. S. 632.)

I think the determination should be annulled and the matter remitted to the State Tax Commission, without costs.

All concur; McCann, J., in the result.

Determination annulled and matter remitted to the State Tax Commission, without costs.