Moss, Judge,
delivered the opinion of the court:
Augustus D. Juilliard died on April 25, 1919, leaving a last will and testament, which was duly probated, and on *622 September 25, 1919, letters testamentary were duly issued to plaintiffs herein as executors, who thereafter and during .the period involved in this action were duly qualified and acting executors of decedent’s estate.
Between the 1st day of January, 1919, and the date of decedent’s death, April 25, 1919, decedent received a net income of $386,710.96 subject to normal tax, and a net income of $934,010.96 subject to surtax.
On March 15, 1920, plaintiffs, as executors, filed a return showing the income above stated disclosing an income tax amounting to $567,973.89, which tax was paid in four equal installments. Thereafter plaintiffs filed with the Commissioner of Internal Eevenue a claim for the refund of the entire tax. The commissioner failing to take any action on said claim within six months from the filing of same plaintiffs instituted this action for the recovery of said amount. Plaintiffs also filed on the same date a tax return showing the net income of the estate of Juilliard from the date of his death, April 25, 1919, to December 31, 1919, amounting to $69,095.81 subject to normal tax and $376,-438.32 subject to surtax, the tax on which, $190,930.80, was paid by plaintiffs. In reference to this item it appears from an agreed statement of facts herein that there is now pending in this court an action, D-1112, by which plaintiffs assert a claim against the Government for the deduction of $400,000 from the gross income of decedent’s estate for the period beginning April 25, 1919, and ending December 31, 1919, on account of the New York inheritance taxes paid by plaintiffs. It further appears that at the time of the filing of the agreed statement of facts there was also pending another action by plaintiffs against the Government, E-161, involving a claim for refund growing out of the payment of a certain item of Federal estate tax. This action has since been disposed of by judgment of this court. At any rate the present action relates only to the claim for refund of the amount paid as income tax on the income accruing during the life of plaintiffs’ decedent, $567,973.89.
The question involved in this case is controlled by the revenue act of 1918, 40 Stat. 1057, the applicable portions of which are as follows:
*623 “ Sec. 210. That, in lien of the taxes imposed by subdivision (a) of section 1 of the Revenue Act of 1917, there shall be levied, collected, and paid for each taxable year upon the net income of every individual a normal tax at the following rates. [Here follow the rates.]
“ Sec. 211. (a) That, in lieu of the taxes imposed by subdivision (b) of section 1 of the Revenue Act of 1916, and by section 2 of the Revenue Act of 1917, but in addition to the normal tax imposed by section 210 of this Act, there shall be levied, collected, and paid for each taxable year upon the net income of every individual, a surtax equal to the sum of the following.” [Here follow the rates.]
“ Sec. 214. (a) That in computing net income there shall be allowed as deductions:
“(3) Taxes paid or accrued within the taxable year imposed (a) by the authority of the United States, except income, war-profits, and excess-profits taxes; or (b) by the authority of any of its possessions, except the amount of income, war-profits and excess-profits taxes allowed as a credit under section 222; or (c) by the authority of any State or Territory, or any county, school district, municipality, or other taxing subdivision of any State or Territory, not including those assessed against local benefits of a kind tending to increase the value of the property assessed; or (d) in the case of a citizen or resident of the United States, by the authority of any foreign country, except the amount of income, war-profits, and excess-profits taxes allowed as a credit under section 222; or (e) in the case of a nonresident alien individual, by the authority of any foreign country (except income, war-profits, and excess-profits taxes, and taxes assessed against local benefits of a kind tending to increase the value of the property assessed), upon property or business.”
Plaintiffs contend, first, that there was no provision in the revenue act of 1918 which authorized a tax upon the income received by plaintiffs’ decedent from January 1, 1919, to the date of his death, April 25, 1919, and that said act contained no provision which could be construed to require the filing of a return or the payment of a tax for any period less than a taxable year of twelve months. Plaintiffs’ second point is, that if plaintiffs were liable for the payment of income tax for the period from January 1, 1919, to the date of the death of plaintiffs’ decedent, April 25, 1919, they were entitled to deduct from the gross income for that period, in determining the net income, the amount of inheritance taxes paid to the *624 State of New York during the year 1919, and not theretofore deducted in computing the income tax of decedent’s estate during the period of administration.
The court is unable to agree with plaintiffs’ contention on either point. It is inconceivable that Congress intended under the revenue act of 1918 or under any other revenue act, to relieve from taxation the income received by a taxpayer for the period between the first of the year and ending with the death of the taxpayer dying within the taxable year. The statute under consideration provides that “ there shall be levied, collected, and paid for each taxable year upon the net income of every individual, a normal tax at the following rates * * The same language is used concerning the surtax. The fact that the income in this case was imposed for a period of less than a taxable year does not affect the statutory requirement that “ there shall be levied, collected, and paid for each taxable year * * This income was received by plaintiffs’ decedent from January 1 to April 25, 1919. It constituted the entire income received by Juilliard for the full taxable year, and for the tax on that income he was liable. His death, however, prevented him from making a return and paying the tax at the time the tax became due. The Government was still entitled to the tax on that income. Although the return filed by the executor for the income of the decedent was for a period which was less than the taxable year, it was, nevertheless, on a yearly basis and constituted the entire income received by Juilliard for the full taxable yean'. In order that the Government might receive the tax on all the income of a decedent for the entire taxable year within which the death occurs, that which was received during the life of the decedent, as well as the income received by the estate after the death, the law requires a return to be made by the executor or representative under the provisions of section 225 of the 1918 act, the pertinent portions of which are as follows: “ every fiduciary * * * shall make under oath a return for the individual, estate or trust for which he acts * * * stating specifically the items of the gross income and the deductions and credits allowed by this title * * and, further, * * * “fiduciaries required to make returns *625 under this act shall be subject to all the provisions of this act which apply to individuals.” Section 200 of the act provides “ that when used in this title * * * the term ‘ fiduciary ’ means a guardian, trustee, executor * * * or any person acting in any fiduciary capacity for any person, trust or estate.”
For the reasons stated herein the court must hold that the return in this case, and the collection of the tax thereunder was strictly in accord with the intention of Congress as expressed by the appropriate statutes on the subject.
On the second contention, that if plaintiffs were liable for the tax for the period from January 1, 1919, to April 25, 1919, they were entitled to deduct from the gross income the amount of inheritance State taxes paid to the State of New York during the year 1919.
This question is governed by section 214 (a) (3) of the act of 1918, which provides that in computing net income for the purpose of the tax there shall be allowed as deductions the taxes paid or accrued within the taxable year imposed by the authorities of the United States or of any State. In the case of United States v. Mitchell, 271 U. S. 12, it is declared that “ paid ” means “ paid or accrued ” and that the phrase “ paid or accrued ” shall be construed, according to the method of accounting, upon the basis on which the net income is computed. The return in that case showed that the computations was made on the basis of income actually received in 1919, which indicated, said the court, that the accounts were kept on the basis of actual receipts and disbursements. The executors maintained that the estate tax in that case, accruing in 1919 and paid in 1980, was deductible from the gross income actually received in 1919 in determining the net income of the estate. This contention was rejected by the court on the ground that the tax in question was not paid within the taxable year. The tax returns in the case under discussion were likewise made on a receipt and disbursement basis of income. It appears that $25,481.50 of the amount paid by plaintiffs on account of the New York inheritance tax was not paid until the year 1921. Under the authority of the principle above announced it is clear that this amount is not an allowable deduction. *626 The balance of the State inheritance tax, $23,561.75, was paid in 1919. The court, however, has reached the conclusion that under the authority of the decisions in Keith v. Johnson, 271 U. S. 1, and Catherwood v. United States, 291 Fed. 560, no part of the State inheritance tax constitutes an allowable deduction from the income of decedent. Inasmuch as an action is now pending in this court by plaintiffs claiming a deduction of $400,000 from the gross income of the estate of decedent for the period from April 25, 1919, to December 31, 1919, on account of said State inheritance tax, and that the cases cited involve chiefly a consideration of the same questions presented in the pending suit just mentioned, it does not seem desirable at this time to discuss those decisions. It is deemed sufficient to state that the principles therein announced afford ample support for the theory that the State inheritance tax is not an allowable deduction from the income of the decedent.
It is therefore adjudged that the plaintiffs’ petition herein be and the same is dismissed.
Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
GRAHAM, Judge, took no part in the decision of this case.