WILLIAM K. VANDERBILT AND HAROLD S. VANDERBILT, EXECUTORS OF THE LAST WILL AND TESTAMENT OF WILLIAM K. VANDERBILT, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13030. Promulgated March 29, 1928.

*Roy C. Gasser, Esq.*, for the petitioners.
*I. R. Blaisdell, Esq.*, for the respondent.

292

OPINION.

SMITH: That a decedent and his estate are separate taxable entities is well settled. *Catherwood* v. *United States*, 280 Fed. 241; (C. C. A.), 291 Fed. 560; *Bankers Trust Co.* v. *Bowers*, 295 Fed. 89; *Nichols* v. *United States*, 64 Ct. Cls. 241; *Walter R. McCarthy, Executor*, 9 B. T. A. 525.

Section 402 of the Revenue Act of 1918 provides in part as follows:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against

his estate and the expenses of its administration and is subject to distribution as part of his estate;

The estate tax regulations prescribed by the Commissioner, with the approval of the Secretary, have uniformly held that the amount of interest accrued upon bonds on the day of death, whether payable then or subsequently, should be included. *Regulations 37, article 13; Regulations 63, article 12; Regulations 68, article 11; Regulations 70, article 11.* In *William G. Frank, Administrator,* 6 B. T. A. 1071, we held that interest due decedent during his lifetime is not income to his estate when received by it. See also *E. S. Heller et al., Executors,* 10 B. T. A. 53.

The same thing is true of dividends declared prior to decedent's death. The declaration of a dividend, regardless of the time when it becomes payable, creates a debt owing by the corporation to the stockholder. It was so decided in *United States* v. *Guinzburg,* 278 Fed. 363, where it was held that dividends declared prior to March 1, 1913, and payable thereafter, were capital of the stockholders at that date and therefore not taxable as income arising or accruing thereafter, the court saying, among other things:

We think that the dividend declared prior to March 1, 1913, the effective date of the Income Tax Act here considered, was not income when paid because it was part of the capital of the defendant in error on March 1, 1913. By the declaration of a dividend, the earnings of the company to the extent declared were separated from the property of the corporation, and were appropriated by that action to the then stockholders, who became creditors of the corporation for the amount of the dividend. The relation then created was that of debtor and creditor. * * * The holder of stock, with respect to the dividend, is on a par with the other creditors of the corporation. * * * The fact that the dividend is payable at a future date does not alter the rights thus created. The obligation of the corporation as debtor commences with the declaration of the dividend, although the payment is postponed for the convenience of the company.

This principle of law was recognized by this Board in *W. E. Caldwell Co., Inc.,* 6 B. T. A. 47, where the Board said:

The reasoning advanced in the *Stange* case [*Appeal of A. H. Stange,* 1 B. T. A. 810] was to the effect that upon the declaration of a dividend the corporation immediately becomes the debtor of the stockholder for his proportionate part of the dividend, regardless of the fact that actual payment is not to be made until later. There is abundant authority for this proposition and we have seen no authority to the contrary. * * *

We do not overlook the fact that the Supreme Court in *Mason* v. *Routzahn,* 275 U. S. 175, held that dividends are "received" under section 31 (b) of the Revenue Act of 1916, added by section 1211 of the Revenue Act of 1917, in the year paid and not in the year declared, and that dividends declared in 1916 and paid in 1917 are income to the recipient in the year paid. In the course of its opinion the court said:

Since two of the dividends paid in 1917 were declared in 1916, it becomes necessary for us to consider whether these also are to be deemed distributions made in 1917, as it is only to such that the section applies. It declares that the dividend is income of the shareholders in the year in which it is "received." We think it clear that, for this purpose, the date of payment, not the date of the declaration of the dividend, is the date of distribution; and, as all the dividends here in question were paid in 1917, the provision as to the rate is applicable to all. * * *

The above decision of the court is an interpretation of section 31 (b) of the Revenue Act of 1916, added by section 1211 of the Revenue Act of 1917. Its application was carefully limited to the section of the statute being interpreted. It has no application to the question herein presented.

Attention should also be called to the fact that the estate tax regulations promulgated by the Commissioner, with the approval of the Secretary, under every estate tax law have provided that dividends declared prior to the death of the decedent are part of his gross estate for all estate tax purposes. *Regulations 37, article 13; Regulations 63, article 12; Regulations 68, article 11; Regulations 70, article 11.*

The collection by the petitioners of the interest accrued to the date of the death of the decedent on securities owned by him and of dividends declared prior to but payable after his death on stocks owned by him was a mere conversion into cash of capital assets of his estate. Only so much of the proceeds of the conversion as exceeded the fair market value at the date of his death of the right to receive such interest and dividends when payable was gain, profit, or income of the estate under the income-tax law.

Income is "the gain derived from capital, from labor, or from both combined, provided it be understood to include profit gained through a sale or conversion of capital assets." *Eisner v. Macomber*, 252 U. S. 189. The only income realized upon the conversion of a capital asset into cash is the excess of the cash received over the cost or other basis provided in the statute for determining the gain. *Dorothy Payne Whitney Straight*, 7 B. T. A. 177; *Bankers Trust Co. v. Bowers*, 23 Fed. (2d) 941. In *Walter R. McCarthy, Executor, supra,* the Commissioner included in the income of an estate salary due to the decedent at his death and thereafter collected by his executors. In the course of the opinion we stated:

When * * * the estate received $25,000 in cash the capital asset which already formed a part of the corpus of the taxpayer's estate was merely converted into cash and the estate did not as a result of the receipt of that cash have any taxable income.

To the same effect is the decision of the Court of Claims in *Nichols v. United States, supra,* in which it was held that the distributive

share of a decedent in certain commissions, which were included in his gross estate for the purpose of Federal estate tax, was not taxable income to the estate when subsequently received by the executors. In its opinion the court stated:

* * * An interest thus ceases and the estate interest begins at the time of the death. When, therefore, an item is properly determined to constitute a part of the gross estate of a decedent for estate-tax purposes it can not by any sort of reasoning be made to constitute a part of the income of the same estate. It is a part of the corpus. The income of an estate which the statute taxes is, generally speaking, the income which accrues after the estate begins, and it begins with the decedent's death. It is, of course, to be recognized that income received by an individual, of which no return has been made by him, may have to be returned by his executors or administrators and be taxed as income received by the decedent in his lifetime. As an illustration, let it be supposed that the decedent had realized upon or collected the sum mentioned before his death. It would have been income to him and taxable as such. See *Eisner* v. *Macomber*, 252 U. S. 189, 207 [3 Am. Fed. Tax Rep. 3020]; *United States* v. *Phellis*, 257 U. S. 156 [3 Am. Fed. Tax Rep. 3123]. But if death had then ensued would it be contended that this sum, actually received by the owner before his death, would be income of his estate? The amount, or value of it, less the tax due thereon by him, would be as much a part of the corpus as any other property of which he might die seized or possessed would be. In the instant case the decedent did not receive the amount in question. He did not keep his books on an accrual basis. According to the facts his books of account, as also the books of plaintiffs as executors, "were kept on a cash receipts and disbursements basis." In these circumstances the right to receive from the partnership the distributive share to which the decedent was entitled passed at the time of his death to the executor as an asset of the estate, and when the amount was ascertained and paid it became part of the estate, not as income but as corpus. It is not to be presumed that Congress intended to subject the corpus of the estate to double taxation (see *Supplee-Biddle Hardware Co. Case*, 265 U. S. 189, 195 [Am. Fed. Tax Rep. 3989]), though income accruing as such to the estate during administration is taxable as income. The contention of the Government that "there can be no capital in the estate unless that which constitutes the capital item has first been treated as income, either of the decedent or of the estate," can not be readily accepted, but when this premise is followed by the admission that the plaintiffs "correctly argue that there was no income to the decedent" and that, therefore, the distributive share of commissions received from the partnership must be income of the estate, it is manifest that the assumed premise is itself at fault. Plainly the amount was part of the assets or corpus of the estate. As already stated, it was so treated for estate-tax purposes.

In accordance with the authorities above cited, we are of the opinion that the only income received by the estate from July 23 to December 31, 1920, was the excess amount of the interest accrued and dividends declared but not paid at the date of death and collected by the estate over the agreed value of the claims to receive such interest and dividends at the date of death.

*Judgment will be entered on 15 days' notice, under Rule 50.*