HERBERT TUTWILER, EDWARD M. TUTWILER, TEMPLE TUTWILER, AND MARGARET C. TUTWILER, TRUSTEES, E. M. TUTWILER TRUST ESTATE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48688.    Promulgated June 22, 1933.

*Shuford B. Smyer, Esq.*, for the petitioners.
*De Witt M. Evans, Esq.*, for the respondent.

OPINION.

LANSDON : Petitioners originally pleaded that tax on the income derived from the sale of securities as set out in the stipulated facts should be computed under the provisions of section 208 of the Revenue Act of 1926.[1] This contention is based on the theory that for income tax purposes a decedent and his estate constitute a single continuing entity. Apparently the petitioners now abandon this contention, as no part of their brief is directed thereto. It is well settled that a decedent and his estate constitute separate taxable entities and that existence of the second dates from the death of the first. *Catherwood* v. *United States*, 280 Fed. 241; affd., 291 Fed.

---

[1] SEC. 208. (a) For the purposes of this title—

\* \* \* \* \* \* \*

(8) The term " capital assets " means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business. In determining the period for which the taxpayer has held property received on an exchange there shall be included the period for which he held the property exchanged, if under the provisions of section 204 the property received has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in his hands as the property exchanged. In determining the period for which the taxpayer has held property however acquired there shall be included the period for which such property was held by any other person, if under the provisions of section 204 such property has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in his hands as it would have in the hands of such other person. In determining the period for which the taxpayer has held stock or securities received upon a distribution where no gain is recognized to the distributee under the provisions of subdivision (c) of section 203 of this Act, or of the Revenue Act of 1924, there shall be included the period for which he held the stock or securities in the distributing corporation prior to the receipt of the stock or securities upon such distribution.

560; *Bankers Trust Co.* v. *Bowers*, 23 Fed. (2d) 941; *Nichols* v. *United States*, 64 Ct.Cls. 241; *Wm. K. Vanderbilt et al., Executors*, 11 B.T.A. 291; *Walter R. McCarthy, Executor*, 9 B.T.A. 525. Since the decedent died on April 19, 1925, and the securities in question were sold by the executors less than one year thereafter, it is plain that the petitioners had not held them as an investment for a period of two years. The transaction is not within the statutory provisions upon which the petitioners rely.

On brief petitioners argue that the profit from the sale in question should be computed on the basis of cost to the decedent. The record discloses that the sale was made on March 3, 1926, and that the computation of profit was made under regulations then in effect and which provided that gain or loss resulting from the sale by executors of property acquired by the death of a decedent should be computed on the basis of value thereof at the date of decedent's death. This regulation remained in effect until April 6, 1927, when it was revoked by the Commissioner on account of the decision of the Court of Claims in *McKinley* v. *United States*, 62 Ct.Cls. 180. This change in the regulations, however, avails these petitioners nothing, since they had already filed their return for 1926 under regulations then in effect. Nor has their failure to elect a settlement under section 702 (a) of the Revenue Act of 1928 any bearing on the issue here, since that provision applies only to estates that filed returns between April 6, 1927, and July 7, 1928. *Cavour Hartley, Executor*, 27 B.T.A. 952. In our opinion the gain resulting from the sale of the securities in question should be computed on the basis of the value thereof at date of decedent's death as set out in the stipulation.

*Decision will be entered for the respondent.*