APPEAL OF SAMUEL E. A. STERN, UNITED STATES MORTGAGE & TRUST CO., AND IONE DE LISSER, AS EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF HORACE DE LISSER, DECEASED.

Docket No. 2459.    Submitted April 21, 1925.    Decided June 19, 1925.

1. In allowing deductions from the gross estate in computing estate taxes, Congress did not intend that determination of the tax should await final settlement of the estate and a reduction to absolute certainty of all claims against it.

2. Deductions for executors' commissions may be based upon a reasonable estimate of the amount allowable by the *lex domicillii* and it is not essential that such commissions be first allowed by order of court or paid.

3. In a case heard on petition and answer, the value of assets of an estate, based upon the price for which they were sold by the executors, will not be reduced by the amount of payments made for brokers' commissions and expenses of litigation in connection with such assets, where such payments were alleged by the taxpayer and denied by the Commissioner.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before JAMES, SMITH, and TRUSSELL.

This is an appeal from a determination of a deficiency in estate taxes in the amount of $1,845.24, and is decided on the allegations of the petition admitted by the Commissioner in his answer.

### FINDINGS OF FACT.

Samuel E. A. Stern, the United States Mortgage & Trust Co., and Ione De Lisser are the executors of the last will and testament of Horace De Lisser, deceased.

The Commisioner has determined that there should be included in the assets of said estate the sum of $6,000, represented by a note of Robert B. Kerr in that amount. As set forth in the protest heretofore filed with the Commissioner, an action was brought by the executors against Robert B. Kerr, in which said Kerr interposed an answer pleading a discharge in bankruptcy. Since the filing of the protest the said action has been tried. The Commissioner admits that he erred in including the said note of Robert B. Kerr in the gross estate of the decedent.

At the time of his death, Horace De Lisser owned an undivided one-third interest in the Hotel Richelieu in San Francisco, Calif., which one-third interest was sold by the executors for the sum of $41,666.67, and the Commissioner has fixed the value of the said interest at the said sum.

The taxpayer alleges, but the Commissioner does not admit, that there has been received on account of the sale price a total of less than $14,850 to the date of this proceeding. The taxpayer further alleges, but the Commissioner does not admit, that the purchasers were unable to complete the purchase and that negotiations are now in progress with a view to a reduction of the purchase price.

Under the laws of the State of New York, executors' commissions allowable under the will of the decedent amount to at least the sum of $15,500. No payments have been made on account of executors' commissions to date of this proceeding, nor has any final order of court been entered fixing the amount of such commissions.

The taxpayer alleges, and the Commissioner admits, that a certain debt of the decedent in the sum of $12,379, due Dreicer & Co., Inc., was not included as a deduction in determining the net estate of the decedent, and that said debt was a valid and subsisting debt and should have been so included.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.

OPINION.

JAMES: Aside from the admitted errors of the Commissioner in this proceeding, there are two issues of substance: First, whether the value placed by the Commissioner upon the Hotel Richelieu should be reduced on account of the allegations of the taxpayer; and, second, whether the taxpayer should be allowed a deduction on account of executors' commissions prior to the actual allowance or payment of the same in connection with the administration of the estate.

On the first point there is manifestly no evidence before the Board upon which any finding can be made that the interest of the decedent in the hotel property had a value other than $41,666.67. The value ascribed by the Commissioner to the Hotel Richelieu must be affirmed.

With reference to executors' commissions, it is uncertain when the taxpayer died, and therefore there is some uncertainty as to the act applicable to the situation. Section 203 of the Revenue Act of 1916, section 403 of the Revenue Acts of 1918 and 1921, and section 303 of the Revenue Act of 1924, are substantially the same, and provide:

That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for * * * administration expenses * * * as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered * * *.

It does not appear from the above that the amounts are required either to have been allowed by actual order of the court or to have been paid, but merely that they shall be such charges as are proper deductions and as in the ordinary course of the administration of the estate will ultimately be allowed. In case the amount actually expended presents a material variance from the amount "allowed by the laws of the jurisdiction, * * * under which the estate is being administered," some question may properly arise as to whether the amount actually expended or the amount lawfully allowable shall be used. It would seem, however, to be the obvious intent of Congress that the determination of the estate tax should not wait upon the final settlement of the estate and a reducion to absolute certainty of all claims against it. The Board is, therefore, of the opinion that the amount claimed by the taxpayer for executors' fees in the sum of $15,500, not denied by the Commissioner as a reasonable estimate of the amount allowable or allowed by the laws of the State of New York, should be permitted to be deducted in the computation of the tax. Should there be a variance on final administration, the Commissioner, if he believes there is warrant in the law for so doing, may at that time assert a deficiency in tax upon which the Board may then properly pass.

The deficiency determined by the Commissioner should be recomputed by allowing, in addition to those items admitted as errors by the Commissioner, the sum of $15,500 as executors' fees, and by including in the gross estate the one-third interest in the Hotel Richelieu at the value of $41,666.67.