WILLIAM G. FRANK, ADMINISTRATOR, ESTATE OF GEORGE DOEHNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9344.   Promulgated April 26, 1927.

Interest due decedent during his lifetime is not income to his estate when received by it.

*C. H. Preston, C. P. A.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar years 1923 and 1924.

#### FINDINGS OF FACT.

George Doehne died on November 4, 1922, leaving a will in which William G. Frank was named as administrator. The decedent prior to his death kept his books on the basis of cash receipts and disbursements and the estate, subsequent to his death, kept its books on the same basis.

At his death the decedent left an estate which included among other assets certain accrued interest receivable. During 1923 the amount of $5,564.28 of such interest which had accrued at the time of the death of the decedent was received by the estate, which amount the respondent has included in taxable income of the estate which results in the deficiency.

OPINION.

TRAMMELL: It is contended by the petitioner that the accrued interest which was owing to the decedent at the time of his death was capital in the hands of the estate and was not taxable income when received by it. The respondent, on the other hand, contends that such accrued interest was taxable income when received by the estate.

The value of the gross estate of a decedent, under section 402 of the Revenue Act of 1921 which was in effect during the calendar year 1923, is determined by including the value at the time of the decedent's death of all property, real or personal, tangible or intangible, wherever situate, which belonged to the decedent. The accrued interest owing to the decedent at the time of his death was property in the form of a debt due him. While the interest would have been taxable income to the decedent if he had received it during his lifetime, in the hands of the estate after his death, such accrued interest took on a different character. It then became a part of the corpus of the estate. The decedent and his estate are separate taxable entities. *Bankers' Trust Co.* v. *Bowers*, 295 Fed. 89. An account receivable or interest receivable in the hands of a decedent at the time of his death is as much a part of the estate of the decedent as any other asset, and the payment thereof is not income to the estate. *Nichols* v. *United States* (Court of Claims, decided April 4, 1927).

The collection of a debt owing to the estate does not constitute taxable income to it, except to the extent that the cash received exceeds the value of the account receivable or the indebtedness at the time of the death of the decedent. We have no evidence here nor is it contended that the amount received by the estate exceeded the value of the debt represented by the accrued interest.

The assets belonging to the decedent during his lifetime became capital in the hands of the estate. It seems to us that a situation is presented similar to that where a taxpayer owned assets before March 1, 1913, and after that date converted them into cash which did not exceed the March 1, 1913, value. Taxable income is not received by a taxpayer upon the conversion of assets which he owned prior to March 1, 1913, except to the extent that the cash or other assets received exceed the value on that date.

*Judgment will be entered on 15 days' notice, under Rule 50.*