JACKSON B. KEMPER, ADMINISTRATOR, ESTATE OF ERNEST E. SMYTHE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12198. Promulgated December 26, 1928.

*Frank S. Bright, Esq.*, and *Jackson B. Kemper, Esq.*, for the petitioner.

*Clark T. Brown, Esq.*, and *O. J. Toll, Esq.*, for the respondent.

932

TRUSSELL: Upon decedent's death debts due him and unpaid represented assets of his estate in the hands of his administrator and no part realized by the administrator upon such assets constituted income to the estate if not in excess of the value of the asset at the time of death. *McKinney* v. *United States*, 62 Ct. Cls. 180; *Nichols* v. *United States*, 64 Ct. Cls. 241; *Wm. G. Frank, Administrator*, 6 B. T. A. 1071; *E. S. Heller, et al., Executors*, 10 B. T. A. 53; *Charles J. Coulter, Jr.*, 6 B. T. A. 426; *Wm. K. Vanderbilt, Executor*, 11 B. T. A. 291.

Respondent admits the rule to be as stated, but insists that the burden is upon petitioner to prove a value in these claims for salary and bonus, at the time of death, equal to the amounts realized and that this he has failed to do. In this we do not agree. No issue as to the value of these items of compensation was raised by the deficiency letter; no issue as to their values was raised in respondent's answer, nor was any point respecting their values made at the trial. There appears therefore to be no presumption which petitioner could be required to rebut. The record further shows that these bonus items were computed upon a percentage of not more than 5 per cent of the net income of the Western Malleables Co. Decedent's bonus for the year 1919 at 5 per cent would indicate a net profit earned by that company for the year of $293,445 and for the month of January and the first 8 days of February, 1920, a net income of $54,859. The record further shows that in valuing the gross estate of the decedent, 250 shares of the Western Malleables Co.'s stock was

inventoried at $225 per share. We must conclude that this record establishes that the Western Malleables Co. was at all times here involved solvent and able to meet its ordinary business obligations and, furthermore, that it did meet these obligations promptly and that petitioner has sufficiently proven that the said items of compensation earned by petitioner's decedent had values at all times in amounts equal to their face values.

Respondent further insists that the amounts representing bonus, not having been shown to have been computed at the date of death and a definite or liquidated claim for the amount involved to have existed, enforceable by decedent as of that date, these amounts must be considered as having become due and payable subsequent to the date of death and consequently to represent income to the estate. Even though this condition existed, we could not agree with the conclusion reached as the payments are for services rendered prior to death. In *E. S. Heller, et al., Executors, supra*, we said:

> We are also of the opinion that the respondent erred in including in the income of the estate the amount of interest and rents that had accrued at the date of Isaias W. Hellman's death. Such interest and rents had not been received by Hellman and had not accrued in the sense that they had become due and payable. They had accrued, however, in the sense that they had been earned and they constituted a property right which was a part of the decedent's estate and the value thereof was, we think, properly included in the gross estate subject to the Federal estate tax. But this accrued interest and rents, when collected by the executors, did not constitute income to the estate.

The amounts representing salary and bonus earned by the decedent and paid petitioner as administrator of his estate were corpus and not income to the estate.

The deficiency will be redetermined in accord with the foregoing findings of fact and opinion.

*Judgment will be entered under Rule 50.*