ELLA C. LOOSE, EXECUTRIX, ESTATE OF JACOB L. LOOSE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8699, 8701. Promulgated January 31, 1929.

*Paul R. Stinson, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: The issue raised by the facts in proceeding 8699 brings the case squarely within our decisions in *William G. Frank*, 6 B. T. A. 1071, and *George Nichols, Executor*, 10 B. T. A. 919. The bond interest which had accrued at the time of decedent's death, though the coupons had not matured, represents, nevertheless, a debt due decedent. At his death it became a part of the corpus of his estate subject to the estate tax. Upon collection by the executrix there was a conversion of a debt into its equivalent in money, but the funds so derived did not constitute income to the estate.

*A. Plumer Austin*, 10 B. T. A. 1055. Respondent erred in treating the same as such.

The question presented in proceeding 8701 is whether or not petitioner's decedent, Jacob L. Loose, received certain income during his lifetime. Briefly the facts, more fully set out in the findings of fact, are that Loose, who kept his accounts upon a cash basis, lived in Kansas City, Mo., but kept certain interest-bearing bonds in a safety-deposit box in New York. It was his custom to stop in New York twice each year while en route between Kansas City and his summer home in Gloucester, Mass., to clip and cash the matured coupons. Decedent's wife always accompanied him on these trips. In May, 1923, Loose was suffering from a severe illness and the condition of his health prevented him from stopping for the usual mid-year business visit in New York. His disability continued until his death in September of the same year. The consequence of this situation was that the interest coupons that matured between December 31, 1922, and the time of his death on September 18, 1923, were not clipped or cashed until after his death when his estate came into the hands of his wife as executrix. It is stipulated that the issuing corporations were solvent and that the coupons would have been cashed on presentation. The only reason assigned for the failure to clip and cash the coupons was the ill health of decedent.

In making the income tax return for the period of 1923 ending at decedent's death petitioner, as executrix, did not report the amount received from said coupons as income of decedent. It was, however, reported as part of the assets of the estate of decedent and the estate tax was paid thereon. Respondent determined that the decedent Loose constructively received during his lifetime the interest represented by the coupons and found a deficiency accordingly.

We have repeatedly said that the doctrine of constructive receipt of income by one on a cash basis of accounting should be sparingly applied and we adhere to that position. The facts in this case, however, seem to us to present a situation constituting the exceptional case where the application of the doctrine is called for.

It is stipulated that the interest coupons had matured; that the issuing corporations were solvent; and that the coupons would have been paid on presentation. Nothing remained to be done except the presentation of the coupons for cashing. This action was not taken solely because of decedent's ill health. In *John A. Brander*, 3 B. T. A. 231, salary credited to but not received by the taxpayer in the taxable year as an officer of a corporation which was controlled by the taxpayer and another person and was able to pay such salary, was held to have been constructively received. In discussing the principal of constructive receipt the Board there said:

Doubtless, however, there are clear cases of constructive receipt, such, for example, as that of the bond owner who chooses not to cash his coupon but to permit it to remain uncut in the possession of another. He will not be heard to say that the amount of the coupon is not his income because he did not in fact receive it. The receipt is entirely within his own control and disposition.

Though the above statement was, in that case, in part *obiter dicta*, we believe it to be a correct enunciation of the law. A contrary holding would grant the taxpayer a practically complete right of selection of the year in which income would be reported, something not contemplated by the revenue acts. Applying the above test, clearly Loose received income. The fact and time of physical receipt have become a matter solely within his own control. Though in this case decedent was physically unable to attend to the actual operation of clipping and cashing the coupons, there is no evidence of mental infirmity and there appears no reason why this operation might not have been performed by a properly accredited agent or why the bonds might not have been sent to petitioner's home and the matter of the clipping of the coupons there attended to. We do not believe the fact of the decedent's serious illness alters the legal consequence of his failure to cash the coupons. The receipt of the cash represented by the coupons was entirely within his own disposition and control. Moreover, an examination of Exhibit 2 filed by petitioner reveals that Loose often allowed bond interest coupons to lie uncashed for months or longer after maturity.

Considering all the facts, we are impelled to the conclusion that the interest represented by the matured coupons here involved was constructively received by Loose before his death and that it represented taxable income to him, which should be accounted for by his personal representative.

The cases urged by petitioner as authority to the contrary are all distinguishable on their facts. In *Agnes B. C. Chormann*, *et al.*, 10 B. T. A. 920, the amount of commissions involved was not determined until after the close of the year; while in *William G. Frank*, *supra*, the question was whether interest due decedent at death, but uncollected, was, on collection, income to the estate or part of the corpus thereof. In *Nichols* v. *United States*, 64 Ct. Cls. 241, the issue was substantially identical with that in the *Frank* case, the same item having been taxed as income of the estate and part of the corpus. This issue is not presented in the instant case and the Board has heretofore indicated its concurrence with the conclusion of the Court of Claims that the same item may not be both income of an estate and also part of the corpus. The reasoning leading to this conclusion does not apply to income actually or constructively received by decedent before his death. What was taxable as income to

him in life, if in possession at death, becomes part of the corpus of his estate. As such it may properly be subject to the estate tax. The incidence of the income tax during decedent's lifetime and of the estate tax after his death on that which was income in the former and part of the corpus in the latter instance is not double taxation in the proper interpretation of that term, nor is there here the question of taxing to the decedent income received by the estate. The income here involved was received by Loose, within the meaning of the law, during his lifetime. Other cases cited by the petitioner are similarly distinguishable.

*Judgment will be entered under Rule 50.*