CLARENCE B. DAVISON, SURVIVING EXECUTOR OF THE LAST WILL AND TESTAMENT OF LEVIS W. MINFORD, AND AMERICAN EXCHANGE IRVING TRUST CO., ADMINISTRATOR, C. T. A., ESTATE OF LEVIS W. MINFORD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38445. Promulgated September 16, 1930.

*Charles E. Hotchkiss, Esq.*, and *J. Sterling Halstead, Esq.*, for the petitioners.

*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

SEAWELL: While in the return as filed on behalf of the decedent there was included interest credited by the partnership to the decedent prior to his death on account of his capital contributions, the petitioners now contend that not only was it error on the part of the Commissioner to increase the income to the decedent in the manner indicated in our findings, but also that the item of interest referred to above was erroneously included in the return as originally filed. In effect, what the petitioners contend is that since the de-

ceased partner died prior to the end of the calendar year (which was the accounting period for both the partnership and the decedent), no income from the partnership is taxable in the return of the decedent, regardless of how much income it may have been determined was earned by the partnership during the year. We do not understand that the parties are in disagreement as to the amount of profits of the partnership business for the entire calendar year 1926 (or the inclusion therein of interest on capital contributions as a part of such profits), and the petitioners have offered no evidence in opposition to the correctness of the Commissioner's determination that the amount of such profits attributable to the period prior to the decedent's death is represented by 364/365 of the profits for the entire year. What the petitioners object to is the inclusion of any profits from the partnership in the return of the decedent for 1926. We are unable to agree with this contention.

The applicable statute is section 218 (a) of the Revenue Act of 1926, which reads as follows:

Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the taxable year upon the basis of which the partner's net income is computed.

In the first place, we think it well established that the death of a partner brings about the dissolution of a partnership, and this general rule prevails in New York. (Laws 1919, ch. 408.) Nor do we think an exception to the foregoing principle arises in this case because of the agreement among the partners for the continuation of the partnership business after the death of a partner. The most that can be said is that the agreement provided for a continuation of the business theretofore carried on by the partnership, which is certainly not necessarily the same thing as continuing the existence of the partnership. *Stewart* v. *Robinson*, 115 N. Y. 328; 22 N. E. 160. And, besides, under the agreement the good will of the business, the right to continue the use of the same firm name, and to continue the business as successors to the old partnership would belong to the surviving partners, and while the estate of the deceased partner would be entitled to receive the same share of the profits which the deceased partner would have been entitled to have received had he lived until the end of the year, the estate of the deceased partner was specifically excepted from responsibility for the liabilities or obligations incurred in the business after the death of such partner.

The fact that the partnership business was to be continued by agreement until the end of the partnership's accounting period does not, in our opinion, mean that when the profits of the business for the year are finally determined at the end of the year a part thereof may not be properly attributed to the period when the decedent was alive and a part to the period after his death. Here, we have no question such as we had in *R. W. Archbald, Jr.*, 4 B. T. A. 483, where the decedent was on a calendar year basis and the partnership on the fiscal year basis. In that case the Board held that since the accounting period of the partnership for the year in which the partner died did not end until after the close of the calendar year for which a return was required to be filed for the decedent for the year of his death, no share of the profits of the partnership which were determined after the calendar year for which the decedent's return was required to be filed should be included in such return. But here, the accounting periods of the partnership and the deceased partner were identical and therefore the considerations which there led us to exclude the decedent's share of partnership profits from the return filed on his behalf are not present. A case closely analogous to that with which we are concerned is *Maurice L. Goldman et al., Executors*, 15 B. T. A. 1341, where both the partnership and partner who died during the year were on the calendar year basis and the Board there held that the share of partnership profits allocable to the decedent for the period of the year prior to his death should be included in the return filed for the decedent for such year.

The petitioners seek to distinguish the *Goldman* case from the case at bar on the ground that the partnership was on the receipts and disbursements basis in that case, whereas in the present case the accrual method is being followed, but we fail to see that a distinction can be drawn on this ground which would in one instance exclude from the return of the decedent the income of the partnership attributable to such decedent to the date of his death and in the other instance include it. In either event, what we are seeking to arrive at is the decedent's share of the partnership net income as of the date of his death. Even though such share, in the case at bar, might not be distributable until the end of the partnership's accounting period, such end would be within the calendar year for which a return was required to be filed on behalf of the decedent and all income of the partnership for such accounting period properly attributable to the decedent would be includable in such return whether distributed or not. And this would be true whether the decedent was on the cash or accrual basis. *Percival H. Truman*, 3 B. T. A. 386.

In view of the foregoing, we are of the opinion that the action of the Commissioner in including in the return of the decedent the share of the partnership profits allocable to the decedent for the period prior to his death should be sustained.

*Judgment will be entered for the respondent.*