JOHN F. DEGENER, JR., AND AUGUST W. DEGENER, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF JOHN F. DEGENER, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38500.   Promulgated May 26, 1932.

*Otto C. Wierum, Esq.*, for the petitioners.
*Ralph F. Staubly, Esq.*, for the respondent.

OPINION.

SMITH: The first issue is whether the respondent has correctly valued the interest of the decedent in the partnership " at the time of his death." (Section 402 (a), Revenue Act of 1921.) The articles of copartnership provided that the " surviving members of the firm " conduct the business of the firm to the end of the fiscal or accounting period in which the decedent died, and that upon " any accounting * * * with his estate, they shall be required to account for and pay over only the value of the deceased partner's interest, as shown by the books of the partnership." The petitioners have interpreted the articles of copartnership as providing that the decedent's estate should receive a share of the profits of the firm, and contend that such profits could not be ascertained until the end of the accounting period, and that no part of such profits should be considered in computing the value of the decedent's interest in the firm. By way of argument, they further contend that to include such profits in the corpus of the decedent's estate would be to subject the profits to double taxation. As we said in *Walter R. McCarthy, Executor*, 9 B. T. A. 525, 527:

In the decision of this case we are not disturbed by the fact that an estate tax and an income tax may impinge upon each other in their ultimate incidence. *George D. Widener et al.*, 8 B. T. A. 651. * * *

We think the respondent has correctly determined the value of the decedent's interest in the partnership; no attack is made upon the correctness of the amounts used in that determination. In determining the " value of the deceased partner's interest " the surviving partners included a share of the profits of the firm for the fiscal year in which the decedent died. For income-tax purposes the petitioners have allocated a portion of these profits to the period in the fiscal year prior to the date of the decedent's death and reported the amount thereof as income to the decedent, and allocated the remainder to the period in the fiscal year subsequent to his death and reported the amount thereof as income to the estate. The difference between the amounts of these profits in the respondent's computation and the petitioners' returns for income-tax purposes is explained, on petitioners' brief, as being as " between profits and income—the latter, of course, including interest." We are not called upon to decide any question respecting the income tax upon these amounts.

The respondent in his computation properly included interest on the decedent's investment in the firm up to the time of his death. Cf. *William G. Frank, Administrator*, 6 B. T. A. 1071; *E. S. Heller et al.*, 10 B. T. A. 53; *William K. Vanderbilt et al.*, 11 B. T. A. 291;

*Frank H. Clark, Executor*, 12 B. T. A. 425; *Jackson B. Kemper, Administrator*, 14 B. T. A. 931; *Ella C. Loose, Executrix*, 15 B. T. A. 169; *Mellie Esperson Stewart*, 18 B. T. A. 1010. The decedent's share of the profits up to the time of his death was income to him and passed to the executors of his estate as an asset of the estate. Cf. *Maurice L. Goldman et al.*, 15 B. T. A. 1341; *Clarence B. Davison et al.*, 20 B. T. A. 856; affd., *per curiam*, C. C. A., 2d cir., Nov. 16, 1931; *John L. Hall et al.*, 25 B. T. A. 1. See also G. C. M. 7678, C. B. IX–2, p. 360.

As interpreted by the surviving partners, the decedent's estate had a right to receive a share of the firm's profits for the remainder of the fiscal year in which the decedent died. A similar situation was considered in *William P. Blodget et al., Executors*, 13 B. T. A. 1243, 1246, wherein we said:

> The right of the estate of William Blodget to receive the year following the death of William Blodget the same share of the net profits of Blodget & Co. which William Blodget would have been entitled to receive had he survived was a valuable contractual right or chose in action constituting a part of the assets of William Blodget which passed on his death to the executors of his estate. * * * The right which the executors received to collect these profits was a capital asset of the estate and the value of such asset received by the executors constituted the basis for determining a gain or loss upon the disposition thereof. Only the excess received on the disposition of the asset constituted taxable income. *Walter R. McCarthy, Executor*, 9 B. T. A. 525; *Estate of A. Plumer Austin*, 10 B. T. A. 1055. * * *

The petitioners have failed to show that the respondent erred in determining the value as of the date of the decedent's death of the right to receive a share of the firm's profits for the remainder of that fiscal year, and we accordingly sustain the respondent's determination. Cf. *Ernest M. Bull, Executor*, 7 B. T. A. 993; *Walter R. McCarthy, Executor, supra; James Brown et al.*, 10 B. T. A. 1036; *George Nichols et al.*, 10 B. T. A. 919; *Alexander W. Smith, Jr., Executor*, 20 B. T. A. 27; *United States* v. *Carter*, 19 Fed. (2d) 121; *Nichols* v. *United States*, 64 Ct. Cls. 241; certiorari denied, 277 U. S. 584.

The respondent's disallowance of the claimed deduction for executors' commissions is based upon the fact that there had been no decree of the New York surrogate's court awarding commissions to the executors and that no such commissions had been paid. In support of this action, the respondent cites *Ordway* v. *United States*, 37 Fed. (2d) 19, wherein the question decided was the timeliness of a claim for refund of an estate tax, and *Braun* v. *Lewellyn*, 38 Fed. (2d) 477, wherein a fee for services in managing an estate after administration and paid out of income was held not deductible from the

gross estate for estate-tax purposes. Such cases are not dispositive of the issue before us.

Section 403 (a) (1) of the Revenue Act of 1921 provides that the net estate of a decedent shall be determined by deducting from the gross estate, among other items, such amounts for administration expenses as are allowed by the laws of the jurisdiction under which the estate is being administered. The New York Surrogates' Court Act (ch. 928, Laws of 1920, as amended by ch. 649, Laws of 1923) provides in section 285 for the allowance of executors' commissions and the computation of the amount thereof upon the rates prescribed. There is nothing in the record to indicate that the executors' commissions will not be allowed and paid out of the decedent's estate. In *James D. Bronson et al., Trustees*, 7 B. T. A. 127, 132 (affd., 32 Fed. (2d) 112), we said:

In the *Appeal of Samuel E. A. Stern, et al., Executors*, 2 B. T. A. 102, the Board held that in allowing deductions from the gross estate in computing estate taxes, Congress did not intend that determination of the tax should await final settlement of the estate and a reduction to absolute certainty of all claims against it, and that deductions for executors' commissions might be based upon a reasonable estimate of the amount allowable by the *lex domicillii* and it is not essential that such commissions be first allowed by order of court or paid. Compare *Appeal of Grace M. Knox, et al., Executors*, 3 B. T. A. 143; *Appeal of Henry Riffel*, 3 B. T. A. 436; *Appeal of Salina Bell, Executrix*, 3 B. T. A. 1172; *Mrs. Browning Coleman Moore, Executrix*, 5 B. T. A. 255; *William W. Mead, et al., Executors*, 6 B. T. A. 752.

The petitioners are entitled to deduct from the gross estate the amount allowable as executors' commissions, computed under the rates prescribed by the New York Surrogates' Court Act upon the valuation of the gross estate as determined as of the date of the decedent's death. Cf. *Samuel E. A. Stern et al.*, 2 B. T. A. 102; *Estate of Jacob Voelbel*, 7 B. T. A. 276; *John A. Loetscher et al.*, 14 B. T. A. 228 (reversed on other points, 46 Fed. (2d) 835) ; *Georgette Goldschmidt et al., Executors*, 14 B. T. A. 1010; *Irving Bank-Columbia Trust Co. et al.*, 16 B. T. A. 897; *Allie E. Nicholson, Executrix*, 21 B. T. A. 795.

*Judgment will be entered under Rule 50.*