CITY BANK FARMERS TRUST COMPANY, EXECUTOR OF THE ESTATE OF AMBROSE H. BURROUGHS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59797. Promulgated October 31, 1933.

*H. Lewis Brown, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, and *C. R. Marshall, Esq.*, for the respondent.

OPINION.

SMITH: Were it not for the fact that the partnership agreement between Burroughs & Brown specifically provided that the death of one of the partners should not effect a dissolution of the partnership, no fair contention could be made by the respondent, we think, that any portion of the $67,701.56 in issue in this proceeding constituted taxable income of the estate during the period of administration or settlement of the estate, as provided by the statute; for the amount received by the estate from June 20 to December 31, 1929, was less than the value of the decedent's interest in the partnership, which was returned for estate tax purposes at $84,900.27. The last named amount represented the value of the claim of the estate against the business of Burroughs & Brown, and the collection by the estate of a claim owned by it at the date of death of the decedent does not give rise to taxable income—at least until such capital value has been recovered. *William G. Frank, Administrator*, 6 B.T.A. 1071; *Walter R. McCarthy, Executor*, 9 B.T.A. 525; *William K. Vanderbilt et al., Executors*, 11 B.T.A. 291; *Nichols* v. *United States*, 64 Ct. Cls. 241; certiorari denied, 277 U.S. 584; *J. Howland Auchincloss, Executor*, 11 B.T.A. 947; *Ella C. Loose, Executrix*, 15 B.T.A. 169.

It should be noted that the deficiency with which we are concerned in this proceeding is that of the estate of Burroughs for a period subsequent to Burroughs' death. The decedent was liable to income tax upon his pro rata share of the net income of the partnership up to the date of his death. *James S. Darcy et al., Executors*, 26 B.T.A. 841; affd., 66 Fed. (2d) 581; *First Trust Co. of Omaha* v. *United States* (Ct. Cls.), 1 Fed. Supp. 900; *Truman* v. *United States*, U.S. Dist. Ct., N. Dist. Ill., E. Div., Sept. 7, 1933. But we have not that period before us.

There remains to be considered the effect upon this case of the provision in the partnership agreement above referred to. The respondent submits that the estate of the deceased partner is subject to income tax for the period from date of death, June 19, 1929, to the end of the year 1929 upon profits (a) earned by the partnership during decedent's lifetime and received by the partnership after decedent's death and paid to his estate in 1929, and (b) upon gains

and profits earned and received by the " partnership " after decedent's death and paid to his estate before the end of the year 1929, the said gains and profits being paid to the decedent's estate under the provisions of the partnership agreement expiring, by its terms, six months after death of either party—the partnership, the decedent, and the estate being on a cash receipts and disbursements basis. In elucidation of this claim, the respondent sets forth that under the terms of the partnership agreement the partnership continued for six months after the date of death of Burroughs; that the " estate and the surviving partner were in effect a new partnership "; that section 161 (a) (3) of the Revenue Act of 1928 imposes an income tax upon the income of estates, including " income received by estates of deceased persons during the period of administration or settlement of the estate "; and that the act further provides that the executor shall be responsible for making the return of income for the estate, the net income to be computed in the same manner and on the same basis as in the case of individuals, with an exception not here material.

We think it clear that the death of Burroughs put an end to the partnership existing between Burroughs & Brown. It was the rule at common law that the death of a partner always operated to dissolve the partnership. The rule is not different in New York. Section 62 of the Partnership Law of that state (Laws 1919, ch. 408) specifically states that one of the causes of the dissolution of a partnership is the death of one of the partners. In *Stewart* v. *Robinson*, 115 N.Y. 328, 333; 22 N.E. 160, 161, it was stated:

> It is a general rule that a contract of partnership is dissolved by the death of one of the parties, whether entered into for a fixed time or not, and that after his death the former partner cannot bind the estate of the decedent by new contracts, and, although the partnership be expressly extended to executors, they could not be compelled to carry it on, and would be entitled to a dissolution and an account of the assets, subject to the liabilities of the firm incurred up to the time of dissolution. * * *

Cf. also *Stem* v. *Warren* (1920), 227 N.Y. 538; 125 N.E. 811. It must therefore be held that the partnership of Burroughs & Brown was dissolved on June 19, 1929, by the death of Burroughs.

With respect to the contention of the respondent that immediately upon the death of Burroughs a new partnership was formed between Brown and the executor of the estate of Burroughs and that the estate is liable to income tax in respect of distributions made to the estate by Brown from June 20 to December 31, 1929, there is nothing in the record showing any partnership agreement between the executor and Brown. In *Stewart* v. *Robinson, supra*, it appeared that one Colwell was in partnership with one Hepworth. The partnership agreement provided that:

> Should either partner die during the term of said copartnership, the firm shall not be deemed dissolved thereupon, but the wife and children of the

decedent shall immediately succeed to his interest in the business, which thenceforward shall be prosecuted for the remainder of the term for the benefit of them and the surviving partner. Either partner may designate by will what interest his wife and children, as between themselves, shall have in his said copartnership interest in the event of his death as aforesaid.

It further provided that:

In the event of the death of either, the business shall be continued by the survivor until the expiration of five years from the 1st day of February next succeeding such death; the estate of the deceased partner to have the same share and interest in the profits, and to bear the same share of the losses of the business, as would have been received and borne by the deceased partner had he lived; * * *.

The surviving partner, Hepworth, continued the business that had theretofore been carried on by the partnership and the partnership became insolvent. Creditors of the partnership sought to hold Colwell's estate liable for the losses. The Court of Appeals for the State of New York stated:

* * * There is in fact no partnership, for there are no partners. There is a surviving partner. Under the first article it might be said that, if the wife and children assented, they would have become partners. The executors cannot be deemed partners, for that capacity has not been put upon them, nor have they assumed it directly or indirectly by taking any part of the management of the business. They knew of its continuance, and loaned Hepworth money upon security. Nothing more. A new partnership was not formed; nor can one be implied. But it is said the "estate" of the deceased partner is to share in profits or bear a portion of the losses. Of what? Not a partnership, but a business conducted by a surviving partner. An estate cannot be a partner. * * *

We think that the principles laid down by the court in the above cited case are equally applicable to the determination of the issues raised in this proceeding. The estate of Ambrose H. Burroughs is not liable to income tax as a partner in the law business conducted by Brown.

It is apparent from the partnership agreement between Burroughs & Brown that a portion of the profits of the business during the six-month period following the death of a partner which was to be paid over to the deceased partner's estate was " payment for the good will of the deceased partner in the practice." It appears that the petitioner, during the period June 20 to December 31, 1929, received $12,134.25 representing such portion of the profits. In *Willard C. Hill*, 14 B.T.A. 572, the Board held that a partnership was not entitled to deduct from its gross income as an ordinary and necessary expense of doing business an amount paid to the estate of a deceased partner pursuant to a partnership agreement, but that the amount represented a capital expenditure for the acquisition of the good will of such deceased partner. Our decision was affirmed by the Circuit

Court of Appeals for the First Circuit, 38 Fed. (2d) 165, the court saying:

The estate of Soule was not a partner in the new firm and the payments to it out of the firm's profits were not the receipt of a partner's distributive share in the net income of the firm. The old firm was dissolved by Soule's death and his interest in it passed to the petitioners, subject to the payments they were to make under article XIV. The payments contracted for were to be made by the individual petitioners, not by the new firm, and are in no sense an expense of the firm. And as regards the individual petitioners the payments made to the estate are not deductible as ordinary or necessary expenses for they were made by the petitioners in the purchase of a capital asset.

Cf. *Pope* v. *Commissioner*, 39 Fed. (2d) 420. .

Reviewed by the Board.

*Judgment will be entered under Rule 50.*