FLORENCE GRANDIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MABEL G. CARRUTHERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE W. GRANDIN, TRUSTEE FOR HENRY B. GRANDIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25740–25742. Promulgated May 13, 1929.

*L. L. Hamby, Esq.*, for the petitioners.
*Earl W. Shinn, Esq.*, and *Edwin M. Niess, Esq.*, for the respondent.

OPINION.

MARQUETTE: This proceeding presents but a single issue, namely, Did the respondent, under the circumstances set forth above, err in including in each petitioner's income the amount of $1,144, repre-

senting one-fifth of the fees paid by the trustees to attorneys for recovering excessive estate taxes paid by the estate of Elijah Bishop Grandin? However, the basic question is, Was the amount paid by the trustees to the attorneys for prosecuting the claim for refund of Federal estate taxes a proper deduction in computing the net income of the trust? If it was a proper deduction, it is obvious that the income of the trust was properly computed and that the distributive shares of the beneficiaries as returned by them should not be increased.

Section 219 of the Revenue Act of 1921 provides that, with certain exceptions not material here, the net income of a trust shall be computed in the same manner as the net income of an individual. Section 212 (a) of the Revenue Act of 1921 provides: ·

SEC. 212. (a) That in the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by section 214.

Section 214 (a) (1) of the same Act provides:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

In *E. M. Elliott*, 15 B. T. A. 494, this Board stated:

What constitutes a business has previously been considered in a number of cases. In *Oscar K. Eysenbach*, 10 B. T. A. 716, we approved definitions of "business" which we will repeat here:

"Business" is a very comprehensive term and embraces everything about which a person can be employed. Black's Law Dict. 158, citing *People ex rel. Hoyt* v. *Tax Comrs.* 23 N. Y. 242, 244. "That which occupies the time, attention and labor of men for the purpose of a livelihood or profit." 1 Bouvier's Law Dict. p. 273. [Approved in *Flint* v. *Stone and Tracy*, 220 U. S. 107; *Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503.]

It may be safely stated that it was the intention and expectation of the testator, in creating the trust under consideration, that it would produce income for the use and benefit of each *cestui que trust*, and it was the duty of the trustees to manage it, if possible, so that result would be obtained. To that extent, at least, the trust may be considered as a business. And it was as much the duty of the trustees to preserve and protect the trust property from losses as it was to produce income, and equally important in its effects upon the beneficiaries. In this case the estate had been compelled to pay taxes

which the trustees believed and which were subsequently proved to be excessive in amount, and the trustees, in the proper exercise of their duties, employed counsel to prosecute a claim for the recovery of the tax that they considered to have been unlawfully exacted. They recovered not only the taxes that had been paid, but also interest in the amount of $8,000, which interest was income to the trust. It is our opinion that the fees paid to the attorneys constituted an ordinary and necessary business expense within the meaning of section 214 of the Revenue Act of 1921, and a proper deduction in computing the net income of the trust.

We have heretofore approved as deductions from the income of an estate, fees paid to an executor for managing the estate when it was kept intact after the usual period of administration. *Grace M. Knox, Executrix*, 3 B. T. A. 143, and *H. Alfred Hansen*, 6 B. T. A. 860, and there is little, if any, difference in principle between those cases and this. See, also, *Thomas H. Franklin et al., Executors*, 11 B. T. A. 148.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN and MURDOCK concur in the result.

———

PHILLIPS, dissenting: The prevailing opinion seems to me inadequate to dispose of the question presented. Granting that the expenditure involved is deductible in computing the income of the trust estate, it does not follow that the amount of income which the beneficiaries are entitled to receive is affected. A deduction of this kind may be, and ordinarily would be, chargeable against the capital of the estate. Such deductions affect the amount to be returned by the executor or trustee but not the amount to be returned by the beneficiary as his distributive share. *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428; *Mary P. Eno Steffanson*, 1 B. T. A. 979; *Louise P. V. Whitcomb*, 4 B. T. A. 80; affd. 25 Fed. (2d) 528; *Elizabeth M. Abell*, 4 B. T. A. 87; *Arthur H. Fleming*, 6 B. T. A. 900; *Abell* v. *Tait*, 30 Fed. (2d) 54; certiorari denied; 279 U. S. 849.

We must then proceed to determine whether this expenditure affected the distributive share of these petitioners in the income of the estate. It is found that the trustees deducted the payment to the attorneys in computing the net income for 1923 and distributed the balance among the beneficiaries. The amount distributed to the beneficiaries is not controlling if they were entitled to a greater amount under the terms of the trust. The question, then, is, Did the trustees properly withhold the amount of this payment from the distributive share of the beneficiaries? Here the findings leave

us in doubt. Until the respective children reached 35 years of age, the income could be withheld and added to the principal fund. If that situation existed, the beneficiaries are not taxable on the amount withheld. *Elizabeth S. Sprague*, 8 B. T. A. 173; *A. W. Henn, Trustee*, 8 B. T. A. 190. If, on the other hand, any of the beneficiaries was over 35, it was incumbent on the trustees to distribute all of his share of the income of the trust. The payment in question, being in the nature of an expense of administration which would ordinarily be borne by the executors or administrators of an estate and paid from the corpus thereof, would not properly be chargeable against the life tenant or beneficiary of the trust and would not diminish his share of the annual income. The findings failing to show that the distributive shares of the petitioners in the income of the trust were less than the amount used by the Commissioner in computing their income, I dissent from the conclusion reached.

GREEN and ARUNDELL agree with this dissent.