*396 OPINION.
Green :
The sole question before us in this proceeding is whether the amount paid by the trustees to the attorneys for prosecuting a claim for refund of Federal estate taxes is a proper deduction in computing net income of the trust.
We decided this question in Florence Grandin et al., 16 B. T. A. 515, where, at page 517, we said:
It may be safely stated tliat it was the intention and expectation of the testator in creating the trust under consideration, that it would produce income for the use and benefit of each cestui que trust, and it was the duty of the trustees to manage it, if possible, so that result would be obtained. To that *397 extent, at least, the trust may be considered as a business. And it was as much the duty of the trustees to preserve and protect the trust property from losses as it was to produce income, and equally important in its effects upon the beneficiaries. In this case the estate had been compelled to pay taxes which the trustees believed and which were subsequently proved to be excessive in amount, and the trustees, in the proper exercise of their duties, employed counsel to prosecute a claim for the recovery of the tax that they considered to have been unlawfully exacted. * * *
We have heretofore approved as deductions from the income of an estate, fees paid to an executor for managing the estate when it was kept intact after the usual period of administration. Grace M. Knox, Executrix, 3 B. T. A. 143, and H. Alfred, Hansen, 6 B T. A. 860, and there is little, if any, difference in principle between those cases and this. See, also, Thomas H. Franklin et al., Executors, 11 B. T. A. 148.

Judgment will ~be entered under Rule 50.