JAMES C. AYER ET AL., TRUSTEES, ESTATE OF FREDERICK AYER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43862.    Promulgated May 6, 1932.

*James Craig Peacock, Esq.*, for the petitioners.
*Edward C. Adams, Esq.*, for the respondent.

OPINION.

TRAMMELL: At the hearing the petitioners were granted permission to amend their petition to conform to the facts set forth in the stipulation. The petition as thus amended presents for our determination the issues raised by the following allegations of error:

The Commissioner erred in disallowing the deduction of $10,000 legal fees paid by the estate in connection with the defense of the case of *United States* v. *Ayer*, 7 Fed. (2d) 478.

The Commissioner erred in using the March 14, 1918 values, instead of the original costs to testator or March 1, 1913 values (whichever were higher), as a basis for determining profit or loss on the sales in 1925 by the estate of National Reserve Bank, American Investment Securities Company, and National Shawmut Bank stock.

The Commissioner erred in including as taxable income from dividends any amount in excess of 21.86 per cent of the dividends of $609 received in 1925 by the estate on stock of the St. Mary's Mineral Land Company.

On March 10, 1924, the United States Government brought an action in the District Court of the United States for the District of Massachusetts against the petitioners as executors of Frederick Ayer, deceased, to recover an additional estate tax of $2,521,743.29 which they had theretofore refused to pay. On August 6, 1925, the court entered judgment for the defendants. *United States* v. *Ayer*, 7 Fed. (2d) 478. On April 23, 1926, the judgment of the District Court was reversed by the Circuit Court of Appeals for the First Circuit, 12 Fed. (2d) 194. During 1925 there were accrued and paid by the estate in connection with this suit legal fees in the amount of $10,000. This amount was deducted as an expense in the income-tax return filed for the estate for 1925, but was disallowed by the respondent as being a charge against the corpus of the estate.

In support of their contention that the legal fees of $10,000 constitute an allowable deduction as an expense in determining the net income of the estate for 1925 the petitioners rely on our decision in *Florence Grandin*, 16 B. T. A. 515, which was followed in *Chicago Title & Trust Co.*, 18 B. T. A. 395. In those cases we held that attorney fees paid by trustees of a trust for services in prosecuting a claim for refund of Federal estate tax constituted an ordinary and necessary business expense and as such were allowable deductions in computing the net income of the trust. From the purposes of the trusts involved in those cases, we reached the conclusion that the trusts were engaged in business; hence, our holding that the fees in question were an ordinary and necessary business expense.

In the instant case the testator's estate was still in the process of administration during the taxable year, apparently for the sole reason that the suit respecting the estate-tax liability was pending. But be that as it may the petitioners have, with the exception of three sales of stock and the receipt of a small amount of dividends, not seen fit to furnish us with any facts indicating that the estate was engaged in business during the taxable year. Ordinarily the purpose of the administration of an estate is to collect together the assets, pay the debts and claims against the estate and make distributions of remaining assets according to the terms of the will or according to the law of the jurisdiction. The respondent's demand for the payment of an additional estate tax would come within the classification of debts and claims against the estate and any action taken by the executors toward the settlement of it either by contesting it in court or by paying it would not constitute the carrying on of business, but would be the performance of a usual and ordinary duty arising from the administration of an estate. Consequently, any legal expenses incurred in performing such a duty would be in the nature of pure administration expenses.

Where a suit or action against a taxpayer is directly connected with or proximately results from his business, the expense incurred in defense of a suit or action is a business expense within the meaning of the income-tax law. *Kornhauser* v. *United States*, 276 U. S. 145. But where as here the expense was incurred in connection with a suit which was neither directly connected with nor proximately resulted from any business carried on by the estate, but which arose entirely in connection with the administration or settlement of the estate of the decedent, and related to a claim asserted against the estate, such expense can not be said to constitute an ordinary and necessary expense incurred in carrying on a business.

For the foregoing reasons we are of the opinion that our decisions in the cases relied on by the petitioners are not applicable here.

In *John A. Loetscher et al., Executors*, 14 B. T. A. 228, reversed on another point in *Loetscher* v. *Burnet*, 46 Fed. (2d) 835, we held that, for the purpose of determining the net estate of the decedent subject to estate tax, attorney fees incurred in connection with a proceeding before this Board to redetermine a deficiency in estate tax are properly allowable as a deduction on the ground that such proceeding is an incident to the administration of the estate. We think the rule laid down in that case is applicable here, and accordingly hold that the deduction for legal expenses contended for by the petitioners was a charge against the corpus of the estate and is not deductible in determining net income for the taxable year.

The petitioners contend that the profit or loss on the sale of the shares of stock of the National Reserve Bank, American Investment Securities Company and National Shawmut Bank should be computed on the basis of the cost to the testator or the value on March 1, 1913, whichever is greater, all of the stocks having been purchased by the testator prior to March 1, 1913. The respondent has determined the gain or loss on the basis of the value of the stock on the date of the testator's death, March 14, 1918, and contends that his action should be sustained.

With respect to the basis for computing the profit or loss on the sale of property by an estate prior to 1928, the Revenue Act of 1928 contains the following provisions:

SEC. 702. BASIS OF PROPERTY UPON SALE BY ESTATE—RETROACTIVE.

(a) If in the return of any decedent's estate for any taxable year preceding the taxable year 1928, the basis, upon which gain or loss realized upon the sale or other disposition of property acquired by the estate from the decedent was computed, was the value of the property at the time of the death of the decedent or was in accordance with the regulations in force at the time such return was filed, then the computation of such gain or loss shall be made upon such basis, unless claim for refund or credit in respect of such basis, or a written election not to come within the provisions of this subsection, has been filed by the estate before the expiration of the period of limitation for filing claims.

(b) In every other case the computation of the gain or loss realized by an estate in any taxable year preceding the taxable year 1928 from the sale or other disposition by it of property acquired by the estate from the decedent, shall be made on such basis as is in accordance with the law properly applicable thereto, without regard to any provision of this Act.

Since neither of the parties have made any reference to the foregoing provisions of the 1928 Act, and as we do not have before us facts upon which to determine the applicability of the provisions of subsection (a) to the proceeding, we must assume that the issue is to be disposed of on the basis of the provisions of subsection (b) and without regard to any provision of the 1928 Act.

The petitioners concede that the question here presented has been decided adversely to them by this Board in *Dorothy Payne Whitney Straight, Executrix*, 7 B. T. A. 177, and several subsequent cases citing and following our decision in that case. They contend that our decision in the *Straight* case was "overruled" by the Court of Claims in *Elmhirst* v. *United States*, 69 Ct. Cls. 295; certiorari denied, 282 U. S. 851. (Mrs. Straight having become Mrs. Elmhirst in the meantime.) Our decision in that case, however, is the view subsequently adopted by the United States District Court for the Southern District of New York in the case of *Bankers Trust Co.* v. *Bowers*,

23 Fed. (2d) 941, and by the Circuit Court of Appeals for the Sixth Circuit in the case of *Eldridge* v. *United States*, 31 Fed. (2d) 924.

In the *Straight* case, which was taken under submission by us prior to the enactment of the Revenue Act of 1926, the decedent acquired certain property subsequent to March 1, 1913. Upon his death the property passed to his executrix, who thereafter sold it. We held that under the Revenue Act of 1918 the basis for determining the gain or loss resulting from the sale was the value of the property at the date of the decedent's death, and not the cost to the decedent. The tax involved was subsequently paid by the executrix, who thereafter under the name of Elmhirst brought suit in the Court of Claims for its recovery. Prior thereto that court in *McKinney* v. *United States*, 62 Ct. Cls. 180, had held that under the Revenue Act of 1918 the basis for determining gain or loss on the sale of stock by executors of an estate was the cost of the stock to the decedent or its value on March 1, 1913, and not the value as of the date of death of the decedent. Certiorari was denied in that case at 273 U. S. 716.

The court in the *Elmhirst* case, after considering among other things the question of the effect of the denial of the application for certiorari by the Supreme Court in the *McKinney* case, followed its decision in that case and entered judgment for the executrix. Certiorari having been denied by the Supreme Court in the *Elmhirst* case, the petitioners now request that we reconsider the position heretofore taken by us on the question, overrule our prior decisions and enter a decision in the instant case in conformity with the rule followed by the Court of Claims in the *McKinney* and *Elmhirst* cases. As pointed out in the *Straight* case, we were aware of the position taken by the Court of Claims on the question as set forth in the *McKinney* case. With due deference to that court, we were at that time and still are unable to acquiesce in the viewpoint of the question taken by it. We are also unable to acquiesce in the view taken by the petitioners that the denial of certiorari by the Supreme Court in the *McKinney* and *Elmhirst* cases has given those cases " almost the full sanction of a decision by the Supreme Court." We think our prior decisions on this question are correct and are applicable here. The action of the respondent is accordingly sustained. See *Eldridge* v. *United States*, *supra; Bankers Trust Co.* v. *Bowers*, *supra.*

The issue relating to the taxable portion of dividends is disposed of by the stipulation of the parties. The issue as to rents in the original petition is apparently abandoned. No evidence or stipulation relates to it and no discussion appears in the brief. On this issue the determination of the respondent is approved.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

Black, dissenting: I dissent from the prevailing opinion wherein it holds that legal expenses paid by the executors of an estate in the process of administration in defending an action for an additional Federal estate tax is not an allowable deduction in determining the net income of the estate for the taxable year in which the payment was made.

The facts have been stated as a prelude to the prevailing opinion and need not be repeated. Section 219 of the Revenue Act of 1924, applicable to this proceeding, reads:

Sec. 219. (a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

\* \* \* \* \* \* \*

(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that— [exceptions not needed].

\* \* \* \* \* \* \*

One of the deductions permitted a taxpayer in determining his net income under the provisions of section 212, above referred to, is prescribed in section 214 (a) (1):

Sec. 214. (a) In computing net income there shall be allowed as deductions: (1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business \* \* \*.

In *Muriel H. Wurts-Dundas*, 17 B. T. A. 881, we held that attorney fees paid by the guardian of a minor's estate, to assert her rights to one half of the net income of the trust estate of J. Dundas Lippincott during the life of Isabel A. Lippincott, were deductible expenses in computing the net income of the estate, because they constituted an ordinary and necessary expense in carrying on the business of guardian of the minor's estate. Our decision was affirmed in *Commissioner* v. *Wurts-Dundas*, 54 Fed. (2d) 515. The court, in affirming our decision, said:

The sole question presented is whether the attorneys' fees paid by the guardian in 1923 were deductible from gross income as ordinary and necessary expenses paid during the taxable year in carrying on a trade or business.

That the guardian was acting in this litigation strictly in the discharge of its duties as such admits of no doubt. In so doing, it is beyond question that reasonable fees paid to attorneys to represent the guardian in an action to which it was a proper party were ordinary and necessary expenses of the guardianship. Cf. *Kornhauser* v. *United States*, 276 U. S. 145, 152. If they were also expenses of a trade or business they were deductible, otherwise not. Such expenses are contrasted in the statute with personal, living, or

family expenses which are expressly made nondeductible by sec. 215. That they were neither living nor family expenses is plain enough. Nor could they have been personal expenses since the guardian was acting only in a representative capacity to establish its rights as guardian. There is no difference in the nature of expenses incurred and paid for attorneys' fees in securing additional income for the guardianship estate from expenses for the salaries of any employees to care for the income thus made available. When the guardian incurred and paid the expenses involved in this action, it was, to be sure, acting for the benefit of its ward but it was also acting in the performance of the duties required of it by law and to enable it to perform those duties in the furtherance of its business in doing its work as guardian.

Cf. *Florence Grandin*, 16 B. T. A. 515; *Chicago Title & Trust Co.*, 18 B. T. A. 395.

I can see no distinction in substance between the claimed deduction which we have before us in the instant case and that which we had before us in *Muriel H. Wurtz-Dundas, supra*. The prevailing opinion attempts to draw such a distinction by citing *John A. Loetscher et al., Executors*, 14 B. T. A. 228, wherein we held that certain administration expenses, including the expenses incurred by attorneys in connection with the proceedings then pending before the Board, should be allowed as a deduction as a part of the administration expenses in determining the amount of decedent's net estate subject to tax.

It should be pointed out that in the *Loetscher* case we had before us the determination of a deficiency in an *estate* tax. We held that petitioners had shown themselves entitled to take as a deduction in determining the net estate, $500 representing the amount disbursed in contesting the deficiency in estate tax then pending before the Board.

It seems to me that the situation we have before us in the instant case is somewhat different from what we had before us in the *Loetscher* case. In the instant case respondent has determined a deficiency in *income tax* against the executors of the estate of Frederick Ayer, not a deficiency in an estate tax. The taxable year before us is 1925—seven years after the death of decedent, which took place in 1918. Returns of the executors for estate-tax purposes must be filed within one year after decedent's death. See Regulations 68, relating to estate tax under Revenue Act of 1924. I fail to see how executors are going to get credit in determining estate tax due by decedent for attorney fees incurred and paid seven years after the death of the decedent.

Here we have before us an estate which in 1925 is still in the course of administration and which in that year had taxable income and made a return of such income for taxation and took as a deduction attorney fees of $10,000 paid in that year in the course of carrying on the business of the estate.

I think it is deductible under the section of the statute which I have already cited and under the authority of the cases which I have cited.