ESTATE OF CAROLINE R. ROWLAND, NATIONAL CITY BANK OF NEW YORK, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65787. Promulgated September 21, 1934.

*George W. Plitt, Esq.*, for the petitioner.
*George D. Brabson, Esq.*, for the respondent.

OPINION.

ARUNDELL: A deficiency in income tax for the period January 22 to December 31, 1929, in the amount of $5,804.32 has been asserted by the respondent. The entire amount is in controversy. The issue is the propriety of deductions claimed by petitioner from income of the estate of Caroline R. Rowland, deceased, and disallowed by the respondent. We adopt as our findings of fact the stipulation of facts filed by the parties, and set forth here only a summary of them.

On October 29, 1924, petitioner's decedent, Caroline R. Rowland, was declared an incompetent by the Supreme Court of the State of New York, and a committee of her property was appointed. The committee consisted of Aaron L. Reid and Wilson Tipple.

Caroline R. Rowland died on January 22, 1929, leaving a will, and on February 5, 1929, letters testamentary on the estate were issued to the petitioner herein.

The committee of the decedent's property continued to function after her death, and by orders of the Supreme Court of the State of New York dated January 21, January 29, February 21, and February 26, 1929, the committee was authorized to make certain disbursements, to sell securities, and to exercise stock subscription rights. On March 13, 1929, the committee filed its final account with the aforesaid court, which on the same day by order approved

the account, directed certain disbursements to be made by the committee, including commissions to the committee and a fee and expenses of the committee's attorney, and further directed the committee to turn over to the executor the balance of the estate on hand and discharged the committee and its surety.

The petitioner, as executor of decedent's estate, filed two income tax returns for 1929, one for the period January 1 to January 22, 1929, and the other for the period January 22 to December 31, 1929, In the latter return it claimed the following deductions:

| | |
|---|---|
| Fees and expenses of the attorney for the committee | $5, 363. 15 |
| Commissions of the committee | 20, 176. 60 |
| Fee of referee for services in accounting of incompetent's property | 500. 00 |
| Total | 26, 039. 75 |

All of the listed items were paid by the committee pursuant to orders of the Supreme Court issued after the date of decedent's death.

The value of the estate of decedent which was turned over by the committee to the executor on March 13, 1929, was $1,019,677.97. The executor filed a Federal estate tax return, listing therein the gross estate of decedent at a value of $1,078,793.03 as of January 22, 1929.

Both parties cite to us the ruling published in I.T. 2238, CB–IV–2, p. 49, in which it is held that compensation of committees for incompetents, and expenses properly incurred by such committees, are allowable deductions if paid or incurred with respect to the management or conservation of income-producing property of the incompetent or with respect to the collection or securing of income inuring to such incompetent. That ruling was issued in connection with income tax returns filed by a committee for an incompetent. Respondent concedes the applicability of the ruling during the lifetime of the decedent, and says that deductions for fees and commissions paid to the committee and attorneys during that time have been allowed. The deductions here claimed, argues counsel for the respondent, have to do with the settlement of a decedent's estate and not with the production of income.

Section 1383 of the New York Civil Practice Act provides that upon the death of an incompetent "the power of the committee ceases; and the property of the decedent must be administered and disposed of as if a committee had not been appointed." Counsel for petitioner contend that in this case the orders of the Supreme Court of New York continued the estate of the incompetent as such until March 13, 1929, and that the expenses of the committee in managing the property up to that time are allowable deductions under I.T. 2238, supra.

It is difficult to see under what provision of the statute the deductions here claimed are allowable. The return in which claim was made was filed by the executor of a decedent's estate, but the payments claimed were not made by it. In fact the payments were made by an entirely separate entity, the committee, at a time when—as petitioner argues—the committee was still actively in charge of the property. If the committee continued to function as such and managed the property and collected income and made disbursements, it would appear to have been liable for income tax as a fiduciary until discharged. But see *Liberman's Committee* v. *Commissioner*, 54 Fed. (2d) 527, holding that the power of such a committee ceases upon death of the incompetent, and thereafter the committee is not "the taxpayer" to whom the respondent is directed by statute to send a notice of deficiency. However, the committee is not before us here and we need not decide the suggested questions. Assuming that the executor was the proper party to make a return for the period January 22 to December 31, 1929, the question persists as to the statutory provision under which the deduction is allowable. Petitioner's claim, as we understand it, is that the amounts disbursed were "expenses." The expense deductions permitted under section 23 of the Revenue Act of 1928 are "the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." There is no evidence in this case that the petitioner, in administering the estate of the decedent, carried on any trade or business. It would appear rather that it engaged solely in the customary functions of an executor, collected the assets, paid debts and claims, and distributed the corpus according to the direction of the will. This was accomplished with considerable dispatch, as it is stipulated that petitioner rendered its final report to the Surrogate's Court on November 9, 1929. Consequently, even if we close our eyes to the fact that the disbursements under consideration were made by some one other than the petitioner, we are still unable to find any authority to allow the deduction claimed. These disbursements were in the nature of expenses of administration which reduce the corpus and are not allowable deductions from income. Art. 282, Regulations 74; *James C. Ayer et al., Trustees*, 26 B.T.A. 9.

The effect of the payments made by the committee after the death of decedent and while the property was still in its hands was to reduce by that much the value of the property turned over to petitioner for administration. We fail to see wherein this had any effect on the income of the estate while under administration by the executor.

Reviewed by the Board.

*Decision will be entered for the respondent.*