ESTATE OF C. R. HUBBARD, DECEASED, NATIONAL BANK OF WEST VIRGINIA AND STELLA CRACRAFT, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95691. Promulgated March 21, 1940.

*Robert P. Smith, Esq.*, for the petitioners.
*Chester A. Gwinn, Esq.*, for the respondent.

631

OPINION.

SMITH: The petitioners claim the deduction from the gross income of the estate for 1935 of $19,748.80 representing credits made to the beneficiaries of the estate. The deduction has been disallowed by the respondent.

The applicable provisions of the Revenue Act of 1934 are as follows:

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the

estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary. [I. R. C., 1939, pp. 66–67.]

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*  \*  \*  \*  \*  \*  \*

(c) TAXES GENERALLY.—Taxes paid or accrued within the taxable year, except—

\*  \*  \*  \*  \*  \*  \*

(3) estate, inheritance, legacy, succession, and gift taxes; \* \* \*

The Revenue Act of 1932 (I. R. C., sec. 813 (b), p. 125) provides as follows:

SEC. 802. 80 PER CENTUM CREDIT.

(a) Section 301 (b) of the Revenue Act of 1926 is amended to read as follows:

"(c) The tax imposed by subdivision (a) of this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a person other than the decedent). The credit allowed by this subdivision shall not exceed 80 per centum of the tax imposed by subdivision (a) (after deducting from such tax the credits provided by subdivision (b)), and shall include only such taxes as were actually paid and credit therefor claimed within four years after the filing of the return required by section 304, \* \* \*"

Article 24–2 of Regulations 86 provides, in part, as follows:

\* \* \* Expenses of the administration of an estate, such as court costs, attorneys' fees, and executors' commissions, are chargeable against the corpus of the estate and are not allowable deductions. \* \* \*

It will be noted that under section 162 (c) of the Revenue Act of 1934, quoted above, amounts which are "properly paid or credited" to legatees, heirs, or beneficiaries are legal deductions from gross income and the amounts so paid or credited are required to be taken up in the income tax returns of the legatees, heirs, or beneficiaries. The petitioners contend in this case that the amount of $19,748.80 was properly credited to the beneficiaries and that therefore the estate is entitled to deduct that amount from the gross income.

The estate of C. R. Hubbard was in process of administration or settlement during the year 1935. Although the evidence is to the effect that it was the practice of the National Bank of West Virginia at Wheeling to keep an account of the income of an estate in process of administration or settlement separate from the principal, payments of expenses and distributions to the legatees here were from one common fund. The will of the decedent did not provide for a distribution of income separate from a distribution of principal. It was the duty of the executors to pay all administration expenses and

the inheritance taxes payable to the State of West Virginia and then to distribute to the beneficiaries the residue of the estate in accordance with the directions of the will.

As shown by the estate's income tax return for 1935, the gross income was in the amount of $41,491.40. It was not this amount which was allocated to the beneficiaries'·shares of income, but a far less amount. The credit which was made to the beneficiaries' shares was not made with any expectation that the amount would ever be paid over to the beneficiaries. At the time the credit was made it was known that the money would be needed and would be used for the payment of West Virginia inheritance taxes. The executors are charged with the duty of paying those taxes before the estate is distributed. The books of account of the executors show that on April 19, 1935, there was debited to the account of the estate "Income Available" $16,506.13 and on the same day there was paid inheritance tax in the amount of $19,095.20. This shows that at the time the credit was made to the beneficiaries there was no expectation that it would ever be paid over to the beneficiaries. In this situation we do not think that the income of the estate was "properly" credited to the beneficiaries within the meaning of subdivision (c) of section 162 of the applicable statute. The purpose of that subdivision is that where income is credited to a beneficiary to be paid to him at a later date the amount may be claimed as a deduction by the estate or trust for the year in which the credit is made, and the beneficiary will be required to include in his or her return the income credited. It is obvious that the credits here were made to the beneficiaries for the purpose of reducing the net income of the estate taxable as an entity. We think that the respondent did not err in disallowing the deduction from gross income of the credits made to the beneficiaries in the amount of $19,748.80.

The second question is whether the estate is entitled to deduct from gross income executors' commissions in the amount of $1,731.16. The estate was in process of administration during 1935 and clearly the executors' commissions are a legal deduction from the gross estate in the estate tax return for purposes of estate tax. It appears that the executors deducted $10,000 of executors' commissions, which amount represented their commissions chargeable against the corpus of the estate, but failed to deduct $1,731.16 which represented a charge of 5 percent made upon the collection of income. The $1,731.16 was paid to the executors on December 31, 1935.

The point in issue in this case was given careful consideration by the Board in *George W. Oldham et al., Executors*, 36 B. T. A. 523. We there said:

Ordinarily the fees and commissions of executors, administrators, attorneys, and other representatives of estates are regarded as administration expenses and are applied against the gross estate in determining the estate tax. Ordinarily

**634**

such fees and commissions are not allowable as deductions in determining the net income of the estate. *William W. Mead et al., Executors*, 6 B. T. A. 752, 757; *Leonard Holden Vaughan, Coexecutor*, 10 B. T. A. 140; *Charles B. Power et al., Executors*, 11 B. T. A. 1313; *Ethel P. Hunt et al., Executrices*, 12 B. T. A. 396; *James C. Ayer et al., Trustees*, 26 B. T. A. 9, 12; *John A. Loetscher et al., Executors*, 14 B. T. A. 228.

Where, however, such fees or commissions are paid for services rendered exclusively in carrying on the affairs of the estate as a business, rather than in preparing it for settlement and distribution, such payments constitute ordinary and necessary expenses and may be deducted for income tax purposes. *Grace M. Knox et al., Executors*, 3 B. T. A. 143; *William W. Mead et al., Executors, supra; George W. Seligman, Executor*, 10 B. T. A. 840; *Henrietta Bendheim*, 8 B. T. A. 158; *Charles Lesley Ames, Executor*, 14 B. T. A. 1067; *Margaret B. Sparrow*, 18 B. T. A. 1; *Florence Grandin*, 16 B. T. A. 515; *Estate of William G. Peckham*, 19 B. T. A. 1020, 1023; *Chicago Title & Trust Co. et al., Trustees*, 18 B. T. A. 395; *H. Alfred Hansen, Executor*, 6 B. T. A. 860.

In *Lewis* v. *Bowers* (U. S. Dist. Ct., S. Dist. New York), 19 Fed. Supp. 745, the question before the court was whether commissions paid a New York executor for receiving and paying out income of the property during administration are deductible from the gross estate for Federal estate tax purposes. The court held that they were not deductible from the gross estate in the estate tax return since such commissions are not part of the administration expenses chargeable on corpus of the estate under the New York law. The court said:

What has been said had no bearing on the commissions taken for receiving and paying out income on the property during administration. By New York law commissions on income are calculated separately and are not part of the administration expenses chargeable on the corpus of the estate. They are chargeable only against income. Such commissions are a proper deduction from gross income received by the executors in paying the income tax, but they have no place as a deduction for purposes of the estate tax.

The executors' commissions here in question are provided for by section 4195 of the West Virginia Code of 1932. The commissions are such an amount as the court may award. Commissions of 5 percent upon income collected in addition to other charges have in many cases been approved. Neither the petitioner nor the respondent has called our attention to any West Virginia court decision bearing particularly upon the point and we have been unable to find any.

An estate in process of administration or settlement is taxable the same as an individual. An individual is not permitted to deduct from gross income ordinary and necessary expenses unless they are incurred in a trade or business. We think it clear from the evidence in this case that the estate as such was not engaged in a trade or business during the calendar year 1935. The executors simply collected the interest and dividends and paid the debts of the estate. Cf. *Kane* v. *Commissioner*, 100 Fed. (2d) 382. Most, if not all, of the $1,731.16 commissions here in issue were upon income collected during the first

year of the administration of the estate. We see no reason why they did not constitute a legal deduction from the gross estate as administration expenses. We are of the opinion that the respondent did not err in disallowing the deduction of the amount from the gross income of the estate in the income tax return.

*Decision will be entered for the respondent.*